: 66   339
114   273

66   339
132   227
: 66   339
146   621

[No. 8,491.  Department Two.—January 13, 1885.]

## GEORGE K. FITCH, APPELLANT, v. M. H. DE YOUNG ET AL., RESPONDENTS.

LIBEL.—CHARGING NEWSPAPER WITH SELLING INFLUENCE.—An article published in a newspaper, falsely charging the publisher of another paper with being a party to a secret conclave, in which he sold the support and advocacy of his paper to certain corporations for a sum of money, is libelous.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*E. H. Rixford*, and *Henry E. Highton*, for Appellant.

*Lloyd & Wood*, for Respondents.

MYRICK, J.—Action for libel, brought by the publisher of one newspaper against the publishers of another newspaper. The article published in the latter newspaper charged the plaintiff with being party to a secret conclave, in which he, the plaintiff, sold the support and advocacy of the former newspaper to certain corporations, for a large sum of money.

The defendants demurred to the complaint, on the ground that it did not set forth facts which constitute a cause of action, and that the alleged libelous matters were not libelous.

The demurrer was sustained, and the plaintiff declining to amend, judgment went for defendants.

As a journal, the only relations existing between a newspaper and the public are the relations between it and its readers; outside of its readers it has no relations with the public. It is fair to presume that its readers are such, because of their sym-

pathy or agreement with the general course of its editorial policy. A newspaper, as to its editorials, is, in the main, read, because its readers are in accord with its general sentiments, and desire to be able to place confidence in its general course. They have a right to presume that if a radical change occur, the change will be from conviction, and that fair-dealing will suggest that due notice thereof be given, to the end that they may, if they choose, cease to remain such. If readers of newspapers are at all honest in their own sentiments, proprietors of newspapers owe to them the duty of being sincere. It would not be sincere to do that which is charged in the article set out in the complaint. The tendency of the course charged would be to lessen the confidence of readers, and thus to diminish their number, or change them as to character—in either event, it might expose the proprietors to loss. We cannot say that it would not expose the proprietors of a newspaper to the hatred, contempt, ridicule or obloquy of its readers, or would not injure them in their occupation, to accuse them of acts having a tendency to lessen the confidence of its readers, or to lessen the number of its patrons. On the contrary, we think it would have that effect.

To illustrate : Suppose the proprietors of the *Call* and *Bulletin* had announced in the columns of those papers that they had changed their course, and that they had negotiated a sale of their support and advocacy to the railroad corporations named in the complaint, for the sum of thirty odd thousand dollars ; would such an announcement have exposed the proprietors to contempt or ridicule, or have tended to injure them in their occupation ? If not, there is no libel in the article complained of. If yea (and of this there can be no doubt), the article is foundation for an action.

Judgment reversed, and cause remanded, with instructions to overrule the demurrer, with leave to defendants to answer.

THORNTON, J., and SHARPSTEIN, J., concurred.