MOLEY, Respondent, vs. BARAGER and another, Appellants.

*April 30 — May 20, 1890.*

*Libel: Words actionable per se: "Jackass."*

A newspaper article, headed with the plaintiff's name and a picture of a jackass, and referring to the plaintiff as "an egotistical and over-estimated, self-conceited jackass," is libelous *per se.*

APPEAL from the Circuit Court for *Bayfield* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an appeal from an order overruling a demurrer to the complaint in an action for libel. The complaint contains the usual *colloquium*, and alleges the publication, September 13, 1888, of the article in question, which is set out in full, with appropriate innuendoes, and is headed, "HIS HONOR, JAMES MOLEY," followed by a cut,— a representation and picture of a jackass,— and that is followed by the balance of the article, to wit:

"Monday was labor day, and it was celebrated in Washburn in a very fitting manner by a torch-light procession, consisting of about 150 torch carriers, who marched from the K. of L. hall to the town hall, where a well-arranged programme of entertainment was nearly, if not quite, carried out.

"The above item appeared in last week's Itemizer, and had the same effect on an egotistical and over-estimated, self-conceited jackass, who claims the name of *James Moley,* as a red rag would on an enraged bull. The item referred to calls for no apology on our part, as there is not a word in it detrimental to the above-mentioned quadruped or the poor laboring men, nor can it be so construed; therefore we shall make none. We have neither time nor space this week to reply to the article of the above gentleman which

appeared in the Ashland News, Sunday, but in the future look out for breakers. To be continued."

For the appellants there was a brief by *Cole & O'Keefe*, attorneys, and *Richard Sleight*, of counsel, and oral argument by *Rublee A. Cole*.

For the respondent there was a brief by *Miles & Shea*, and oral argument by *W. F. Shea*.

CASSODAY, J. It has been repeatedly held by this court, in effect, that a written publibation, though not charging a punishable offense, is libelous *per se* if it tends to subject the party to whom it refers to social disgrace, public distrust, hatred, ridicule, or contempt. *Bradley v. Cramer*, 59 Wis. 309, and cases there cited; *Gauvreau v. Superior Pub. Co.* 62 Wis. 410. Upon this demurrer, the allegations of the complaint must be taken as true, and hence the things alleged must be regarded as false, and, as such, knowingly published by the defendant. *Gauvreau v. Superior Pub. Co.* 62 Wis. 407. It is for the court to determine whether a publication is capable of the meaning ascribed to it in the complaint. *Ibid.; Bradley v. Cramer*, 59 Wis. 312. In analogy to numerous cases in this and other courts, we must hold that the publication in question is capable of the meaning ascribed to it in the complaint, and is therefore libelous *per se*. *Solverson v. Peterson*, 64 Wis. 201; *S. C.* 25 N. W. Rep. 14, and note; *Massuere v. Dickens*, 70 Wis. 87.

*By the Court.*— The order of the circuit court is affirmed.