JANE BARBER v. BERNETTA MADEN, Appellant.

**Settlement:** BURDEN OF PROOF. The burden of proof on an issue of
1   settlement pleaded in defense to an action for services, is on the defendant.

**New trial.** It is not error to deny a new trial on the ground of newly
2   discovered evidence, where the witness was present and testified at the trial and his statement in the affidavit relied upon in support of the motion is denied.

**Reduction of verdict.** It is error for a trial court to reduce a verdict
3   and enter judgment without giving the party against whom it is to be entered the option of accepting the same or submitting to a new trial.

*Appeal from Tama District Court.* — HON. G. W. BURNHAM, Judge.

SATURDAY, JANUARY 14, 1905.

SUIT to recover for services rendered the defendant. Trial to a jury, and a verdict for the plaintiff, which was reduced by the court, and judgment entered thereon. Both parties appeal. The appeals were separately docketed, but

it is one case, and they will both be disposed of in this opinion; the defendant being designated the appellant.— *Reversed.*

*Caldwell & Walters,* for appellant.

*Struble & Stiger,* for appellee.

SHERWIN, C. J.— The plaintiff sued to recover the reasonable value of her services for nursing and caring for the defendant during a period of nearly two years. The plaintiff furnished the defendant board and a room during this time, and also gave her such personal attention as was required by her condition. There was an agreement between them that the defendant should pay $2.50 per week, the plaintiff claiming that such sum was for board and room alone, and that she was to receive additional compensation for her care and nursing; and the defendant claiming that the sum named was to be in full for board, room, and attention. The sum agreed on was paid before the commencement of this suit, and no question relative thereto is involved herein, except incidentally. The appellant's most strenuous contention is that there should have been a directed verdict for her. But we cannot assent to this proposition. Aside from the fact that the parties made several settlements during the time, the evidence was quite evenly balanced on this question; and, while a settlement will be presumed to cover all past transactions, the presumption is not conclusive, and the plaintiff's explanation thereof warranted the jury in finding as it did.

The court properly instructed that the burden was on the defendant to prove the settlement pleaded. The existence of the presumption to which we have referred did not change the burden of proof from the defendant to the plaintiff. It remained where it was originally, and was only aided by the inconclusive pre-

1. SETTLEMENT: burden of proof.

sumption. The plaintiff did not admit a settlement of the claim sued on. Had she done so there would have been an end of the case at once, and all through the trial the burden of proving that such claim had been settled was on the defendant. Strictly speaking, the burden of proof never changes from one party to another during the trial. The amount of proof necessary to maintain an issue may be lessened by presumptions or by other matters, but the burden rests on the same party all of the time.

There was no abuse of discretion in refusing the appellant a new trial on the ground of newly discovered evidence.

2. NEW TRIAL.   Dr. Allen was present during the trial, and a witness in the case. The statement in his affidavit relied upon by the appellant is flatly contradicted by the plaintiff.

Because the trial court concluded that the verdict was too large does not necessarily prove that it is contrary to law. It frequently happens that a trial court finds verdicts too large to meet its approval, and requires the party to remit or submit to a new trial, and this course has been often approved when it appeared that the verdict was otherwise right. The verdict was for $462.50. This the court reduced to $300, and rendered judgment therefor without giving the plaintiff an option to accept that amount or submit to a new trial. This was error. The plaintiff was entitled to the finding of a jury as to the amount due her, and until she waived that right the court had no power to determine the question or to change the verdict to her prejudice. *Brown v. McLeish,* 71 Iowa, 381; *Hudson v. Applegate,* 87 Iowa, 605. For this error the judgment must be reversed on the plaintiff's appeal. We shall not, however, render a judgment on the verdict, but shall remand the case to the district court, with instructions to either render a judgment on the verdict returned, or permit the plaintiff to elect whether she will take a judgment for $300 or a new trial.

3. REDUCTION OF VERDICT.

· On the plaintiff's appeal the case is reversed and re-manded, and on the defendant's appeal it is *affirmed.* '