DUKE v. FARGO.

GLYNN v. SAME.

(Supreme Court, Appellate Division, Second Department.   May 12, 1916.)

1. NEW TRIAL ⚙══162(2)—EXCESSIVE DAMAGES—SETTING ASIDE—VERDICT.
      Upon a motion made at the trial to set aside a verdict as excessive and
   for a new trial, the court may, in its discretion, set aside the verdict,
   unless the plaintiff consents to accept a lesser amount fixed by the trial
   court.
      [Ed. Note.—For other cases, see New Trial, Cent. Dig. § 325;  Dec. Dig.
   ⚙══162(2).]

2. NEW TRIAL ⚙══162(1)—EXCESSIVE DAMAGES—REDUCTION.
      On a motion by defendant, under Code Civ. Proc. § 999, to set aside
   verdicts for plaintiffs in actions for personal injuries on the ground that
   they were excessive, the trial court had no power to reduce the amount
   of the verdicts absolutely, without the consent of the plaintiffs.
      [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 324, 329;  Dec.
   Dig. ⚙══162(1).]

3. DAMAGES ⚙══131(1)—EXCESSIVE DAMAGES—PERSONAL INJURY.
      A verdict of $2,750 for severe personal injury, incapacitating a plain-
   tiff for several weeks and requiring medical aid for several days, and for
   2 years causing such severe pain as to oblige him to change his vocation
   from that of a bricklayer to that of a trolley car conductor at lower
   wages, and which appeared likely to continue for several years, was not
   excessive;  and a verdict for $1,500 for injury, incapacitating a plaintiff
   16 months, from which he still felt pain at the seat of the injury, was
   not excessive.
      [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357, 363, 364,
   370, 372;  Dec. Dig. ⚙══131(1).]

Cross-Appeals from Trial Term, Kings County.

Actions by William Duke and by William Glynn against James C.
Fargo, as president of the American Express Company.   From two
judgments in favor of the respective plaintiffs, and from orders deny-
ing its motions for a new trial in each case, defendant appeals;  and
from orders reducing the verdicts, and from the judgments conform-
ing to the orders, the plaintiffs took cross-appeals.   Orders denying
defendant's motion for new trial affirmed, verdicts reinstated, and
judgments modified accordingly, and, as modified, judgments and or-
ders affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and
RICH, JJ.

Henry M. Dater, of Brooklyn (Edward J. Fanning and Jay S. Jones,
both of Brooklyn, on the brief), for plaintiffs.

John G. Milburn, Jr., of New York City (Thomas S. Doughty, of
New York City, on the brief), for defendant.

CARR, J.   These two actions were tried as one, and come before
this court on appeal upon one record.   They were brought by the sev-
eral plaintiffs to recover damages for personal injuries resulting from
the same accident, as to which the defendant did not dispute liability
for negligence.   The only question involved at the trial was the amount

of damages properly recoverable by the several plaintiffs. The jury found a verdict for the plaintiff Duke in the sum of $1,500, and for the plaintiff Glynn in the sum of $2,750. Thereupon the defendant moved to set aside the verdicts for each plaintiff, and for a new trial, under section 999 of the Code of Civil Procedure, and particularly on the ground that the verdicts were in each case excessive. The trial court denied the motion, and the defendant excepted. Then the court of its own motion "reduced" the amount of the verdicts to the sum of $1,000 for the plaintiff Duke, and the sum of $1,500 for the plaintiff Glynn, and both plaintiffs excepted. Formal orders were entered in each case, denying the defendant's motion for a new trial. Judgments were entered in each case for the amounts of the "reduced" verdicts, with costs. The several plaintiffs appeal from the orders of the trial court reducing the verdicts, and from the judgments so far as they conform to the order of the trial court reducing the amounts of the verdicts. The defendant appeals from each judgment, and from the orders denying the motion for a new trial in each case.

[1, 2] The situation thus presented on this appeal is quite anomalous. The damages recoverable in each case were necessarily unliquidated, and fixable only by the verdict of the jury, unless the plaintiffs consented to a fixation by the court. According to long-settled practice, where a motion is made at the trial to set aside a verdict as excessive and for a new trial, the court may in its discretion, in a proper case, set aside the verdict unless the plaintiff consents to accept a lesser amount declared by the trial court. No precedent is to be found authorizing the court to "reduce" the amount of a verdict absolutely, against the will of the plaintiff. The question seems to be wholly uncovered by direct authority in this state; at least none is cited, and I have found none myself. However, this question was passed upon in Barber v. Maden, 126 Iowa, 402, 102 N. W. 120, where it was held, in a practically similar case, that the trial court was without power to reduce the amount of a verdict for personal injuries, absolutely and without the consent of the plaintiff. The ground of that decision was that such an order invaded the province of the jury. We think that the action of the trial court was error. The verdicts as rendered should be reinstated, if the trial court did not err in its orders denying the defendant's motion for a new trial in each case on the ground that the verdicts were excessive.

[3] The defendant offered no proofs as to the nature and extent of the personal injuries of the several plaintiffs. The cases went to the jury upon the uncontradicted proofs of the several plaintiffs. The accident occurred on March 7, 1914, and the actions were tried on January 17, 1916. The plaintiff Glynn testified to severe and painful injuries which incapacitated him for several weeks, and required medical aid for several days. He further testified that from the time of the accident up to the time of the trial—a period of nearly two years— he continued to suffer severe pain in his body at the seat of his former injury, and that this pain was so severe as to oblige him to change his avocation from that of a bricklayer. to that of a trolley car conductor, which was of a considerably lower rate of wages. His physician testified to the injuries at the time of the accident. The latter examined

the plaintiff again on the morning of the trial, and found no evidence of continuous injury, other than the plaintiff's complaint of muscular stiffness and pain. The physician testified, without objection by the defendant, in part as follows:

"I think very likely he still has pain. It is a thing you cannot demonstrate, but a severe injury to the muscles of the back, of that kind, will persist for a good many years.  Q. How long do you think, in your opinion, that will continue?  A. Two or three years yet.  Q. That is your best judgment of it? A. Yes, sir."

If the jury accepted the plaintiffs' proofs, and there was no evidence to the contrary, the verdict for the sum of $2,750 as damages to the plaintiff Glynn cannot be said to be so excessive as to require interference by the court on that ground alone. As to the plaintiff Duke the situation is similar. His verdict was for $1,500. His testimony was to the effect that his injuries practically incapacitated him for about sixteen months, and that he still continued to feel pain at the seat of his former injury. There was no satisfactory testimony as to the probable period of the continuance of pain; but, assuming that it would disappear shortly, yet the amount of the jury's verdict in his favor is not so largely excessive—if at all excessive—as to require interference.

We are of opinion, therefore, that the orders denying defendant's motion for a new trial should be affirmed, and that the verdicts of the jury should be reinstated, and the judgments modified accordingly, and, as modified, affirmed, with one bill of costs on these appeals. All concur.