# CHARLESTON.

### D. D. Cox & Co. v. Carter Coal Co.

Submitted January 15, 1918.   Decided January 29, 1918.

> APPEAL AND ERROR—*New Trial—Abatement of Verdict—Refusal of Remittitur.*
>
> A circuit court cannot nor can this court in any case of its own motion abate any part of a verdict and pronounce judgment for the residue. Its only course when a remittitur is refused, is to set aside the verdict and award a new trial.

Error to Circuit Court, McDowell County.

Action of assumpsit by D. D. Cox & Co. against the Carter Coal Company. Judgment for defendant, and plaintiff brings error.

*Reversed and remanded.*

*Sanders & Crockett* and *Sexton & Roberts,* for plaintiff in error.

*W. B. Kegley* and *Anderson, Strother, Hughes & Curd,* for defendant in error.

LYNCH, JUDGE:

To recover for the breach of a contract entered into between himself and defendant for certain road grade work upon force account and consequential loss of profits expected from an alleged contract with the county court of McDowell County to macadamize such road when prepared to receive the treatment, plaintiff brought assumpsit and obtained the verdict which the court over his objection set aside in part and rendered judgment for the residue and he asks a restoration of the verdict as returned and the entry of a judgment

81 W. Va.

thereon in his favor. Under court direction as to form, the jury found for the plaintiff the sum of $7.05 on the force account and $866.58, as profits he would have realized from the county contract had the breach not occurred.

The defendant, a coal mining corporation, whose property is located at Coalwood, McDowell County, and the county court mutually but informally agreed substantially to the effect that if defendant fully and completely prepared certain designated county roads to receive macadam the county court would appropriate and expend five thousand dollars to do the macadam work on the roads after the preparations were completed and accepted as sufficient by the county road engineer.

Later the plaintiff at the instance of the defendant's agent, Crawford, informally discussed the same general subject either with the individual members composing the court or with the court in open session (it does not appear with certainty which) who referred him to McClaren, the engineer, who seems to have entered into some sort of an agreement with the plaintiff whereby the plaintiff was to furnish and crush the stone for the macadam and spread it on the roads at his own expense, for which he was to receive a specific sum for each square yard upon the completion of the work; and for this purpose was to have the use of the county stone crusher and other tools and implements free of cost, except transportation charges, which plaintiff obtained and shipped to Coalwood.

By the terms of the force contract negotiated through Crawford, the coal company's agent, plaintiff was to be permitted to assist in the prosecution of the work of grading and for this purpose to employ laborers procured by him to do the macadam work when necessary for the speedy prosecution of the latter, but only in that event: and for this service, if rendered, he was to receive ten per cent. of the wages of the men employed and $2.50 per day if he superintended them while so engaged. As compensation for this service the judg-

ment for $7.05 was rendered and of that item no complaint is made.

Necessarily this investigation is limited in scope and only requires us to say whether to set aside part of a verdict and as to such part grant a new trial and enter judgment on the other over the protest and objection of the plaintiff is a proper exercise of the power invested in the trial court, where some doubt may exist whether the evidence clearly is sufficient to support the finding in its entirety; and the determination of this question scarcely needs more than the citation of our own decisions. *Chapman* v. *Beltz & Sons Co.,* 48 W. Va. 632; *Hall* v. *The Philadelphia Co.,* 74 W. Va. 172; *Flanagan* v. *Flanagan Coal Co.,* 77 W. Va. 757; *Watts* v. *Ohio Valley Electric Railway Co.,* 78 W. Va. 144. The basis of these decisions is that an enforced abatement of part of a recovery without a voluntary remittitur and requiring the party recovering to elect to abate is erroneous as an invasion of the province of the trial jury; and point 1 of the syllabus in *Flanagan* v. *Coal Co., supra,* says: "In no case without such remittitur can the Court of its own motion abate any part of the verdict and pronounce judgment for the balance. Its only course when a remittitur is refused is to set aside the verdict and award a new trial".

But it is insisted that if the action of the trial court be erroneous as the authorities cited say it is, the judgment should be reversed and the verdict reinstated and judgment entered thereon in favor of the plaintiff for the two items combined. Whether the course suggested ought to be pursued depends wholly upon the further question whether there is proof sufficient to sustain the verdict so returned. For ought disclosed the action of the trial court was prompted by the assumption that no evidence warranted the allowance of any damages sustained by plaintiff chargeable to the inactivity of the defendant in performing the preliminary and final road grade work, or in not permitting plaintiff to do that work in accordance with the contract force account, wherefore the breach whereby he claims to have lost the benefit of the macadam contract. If that assumption was the real cause or basis of the ruling complained of a careful examination of

the testimony introduced by each party upon that branch of the case justifies the refusal to adopt the course proposed and urged upon this review.

For, although supplied by the county court through Mc-Claren, its agent, with the equipment necessary to perform the macadam contract without cost or expense therefor except transportation charges, the stone crusher was not installed nor was the stone assembled, though convenient and accessible, nor any attempt made to take the necessary preparatory measures to do that work. This too when it appears almost, if not quite, without contradiction that parts of the roads in question either were ready for the macadam or could easily have been made ready for it at any time by the employees of the defendant without in any degree hindering or delaying plaintiff in the execution of the macadam contract.

For the various reasons assigned we refuse to reinstate the verdict but do reverse the judgment, set aside the verdict in toto and remand for a new trial.

*Reversed and remanded.*