## BOURNE v. MOORE et al.

No. 4887. Decided November 18, 1930. (292 P. 1102.)

*F. C. Loofbourow* and *Dey, Hoppaugh, Mark & Johnson,* all of Salt Lake City, for appellants.

*McCullough & Callister,* of Salt Lake City, for respondent.

FOLLAND, J.

This action was brought by plaintiff against defendants as receivers of the Salt Lake & Utah Railroad Company to recover damages on account of the death of her husband in a collision between an automobile driven by him and a freight train of the railroad company at a grade crossing in Salt Lake county. Upon the trial, the jury found for the plaintiff and assessed damages against defendants in the sum of $17,850. The trial court made an order reducing the judgment to $9,500 without condition, that is, without requiring plaintiff to remit the amount of said judgment in excess of said sum as a condition for overruling the motion for new trial and denying defendants' motion for a new trial. Defendants appeal from the judgment, and the plaintiff attempts to appeal from the order reducing the amount of the judgment. Several questions are raised by the appeals. In view of the condition of the record, we can pass only upon one phase of the case, and that is whether the order last made shall stand, and if not, whether the court in fact has granted a new trial.

Within time, defendants filed their motion for new trial setting out, among other grounds, the following:

"5. Excessive Damages, appearing to have been given under the influence of passion or prejudice."

After argument on the motion, the court, on December 31, 1928, made and entered the following order:

"Defendants' motion for new trial having been heretofore taken under advisement, and the court being now fully advised in the premises, it is ordered that the verdict heretofore rendered be reduced to $10,000, and that if plaintiff accepts the verdict as so reduced by January 4, 1929, at the hour of ten o'clock A. M., said motion for a new trial will be denied; otherwise said motion for a new trial will be granted."

The plaintiff did not indicate an acceptance of a reduction in the verdict, nor did she make or file any remittitur of any part of the judgment on or before the time fixed in said order. On the other hand, she indicated, through her attorney, that she would refuse to make any remittitur, and would not accept or consent to a reduction in the amount of the verdict. The attorneys for both parties were present in court on January 4th, and a further discussion was had, with the result that the court made a further order without setting aside or modifying, unless it be by inference, the order of December 31st. The order of January 4th is as follows:

"The matter of acceptance by the plaintiff of reduced verdict and defendants' motion for a new trial coming on before the court for hearing, R. Verne McCullough appearing in behalf of the plaintiff and F. C. Loofbourow appearing in behalf of defendants. Said matter of acceptance and motion are argued to the court by respective counsel and submitted, and the court being now fully advised in the premises, it is ordered that judgment be entered in favor of plaintiff and against the defendants, and each of them, in the sum of $9,500. It is further ordered that the defendants' motion for a new trial be denied."

The situation thus presented is quite anomalous, and so far as we know wholly without precedent. Both parties objected to the last order of the court and took exception thereto. The plaintiff, refusing to remit any part of the judgment, objected to the reduction made by the court, and took exception to its order making such reduction in the amount of the verdict. Defendants objected to the order and excepted to that part of the order overruling the motion for a new trial. Both parties now present the matter to this court, and each urges that the order of January 4th is erroneous, but each assigns a different reason. The plaintiff insists that, the order for a reduction being void, the judgment entered upon the verdict for the full amount thereof stands as the judgment in the case. The defendants urge that the order of January 4th is void and that a new

trial has already been granted by the court by its order of December 31st.

The bill of exceptions contains a stenographic report of the proceedings had both on December 31st and on January 4th, and from this it is clearly inferable that it was the intention of the court to reduce the amount of the judgment because in its opinion the damages were excessive, and if this reduction were accepted by the plaintiff, then the motion for a new trial would be denied. Upon refusal of the plaintiff to accept the reduction, the court then attempted to make a new order arbitrarily reducing the amount of the judgment unconditionally, and in the face of plaintiff's refusal to accede thereto.

It is well settled that a court is without power to change the verdict of a jury or render a judgment for a less amount than that specified in the verdict, unless the prevailing party consents to the reduction. *Becker Bros.* v. *United States* (C. C. A.) 7 F. (2d) 3; *D. D. Cox & Co.* v. *Carter Coal Co.,* 81 W. Va. 555, 94 S. E. 956; *Barber* v. *Maden,* 126 Iowa 402, 102 N. W. 120; *Duke* v. *Fargo,* 172 App. Div. 746, 158 N. Y. S. 1009. On the question of damages in a tort action, the parties are entitled to the unprejudiced judgment of the jury. The trial court may not set up his own view as to the amount of damages a plaintiff is entitled to recover as against the verdict of a jury. The statute (Comp. Laws 1917, § 6978, subd. 5), however, has provided that a new trial may be granted by the court on the ground of "excessive damages appearing to have been given under the influence of passion or prejudice." The defendants' motion for a new trial assigns this reason as one of the grounds for a new trial, and the trial court, if satisfied that the verdict of the jury was excessive and was given under the influence of passion or prejudice, had the right within the exercise of a sound discretion, to set aside the verdict and grant a new trial. It is the settled practice in this state, as well as in a great many others, for the trial court to remit portions of an excessive verdict

with the consent of the prevailing party and thereupon to deny the motion for a new trial. *Geary* v. *Cain,* 69 Utah 340, 255 P. 416; *Eleganti* v. *Standard Coal Co.,* 50 Utah 585, 168 P. 266; *Shepard* v. *Payne,* 60 Utah 140, 206 P. 1098; 20 R. C. L. "New Trial," § 99, p. 315. The order made by the court reducing the judgment against the objections of plaintiff, and without requiring her to remit as a condition for overruling the motion for a new trial, was erroneous and beyond the power of the court to make. This order is therefore void and of no effect. It was held in *Barber* v. *Maden,* supra, as follows:

"The plaintiff was entitled to the finding of a jury as to the amount due her, and until she waived that right the court had no power to determine the question or to change the verdict to her prejudice."

How then does that leave the record? With the order of January 4th stricken down as void, does the judgment entered on the verdict stand as the final judgment of the court? The answer must be in the negative because of the order of December 31st quoted above. This order stands on the record without modification, and has never been set aside or rescinded. True, the court attempted to supersede the order of December 31st by the void order of January 4th, but this latter order amounts to nothing. The order of December 31st is one which the court had power to make, and, having made it, the effect is that a new trial was granted upon failure of the plaintiff to accept the reduction in the amount of the judgment within the time specified. Plaintiff did not ask or obtain additional time within which to exercise her option, nor did she ask to be relieved from her default or noncompliance with the order, nor did she seek to have this order set aside. On the other hand, the record shows beyond dispute that plaintiff definitely refused to remit any part of the judgment or accept the reduction made by the court. Upon failure or refusal to remit a part of the judgment under

these circumstances, the order for a new trial became absolute. *Plecas* v. *Devich* (Utah) 272 P. 197, 200; 46 C. J. 433. This recent decision from this court is decisive of the matter. There the court, on a motion for a new trial, made an order reducing the amount of the judgment, and therein stated that "it is further ordered that two weeks be given in which to accept the judgment and in the event that same is rejected a new trial will be granted." The plaintiff did not elect to accept the reduction within the time specified in the order, but some two months later filed an acceptance of the reduction in judgment without having applied or asked for or having obtained additional time within which to make her election and without having asked to be relieved from her default in failing to accept the judgment as reduced within the specified time. This court held that, under such circumstances, upon the expiration of the time stated in the order, "the new trial became absolute and was so when the election was made." Mr. Justice Gideon, in a concurring opinion in which Mr. Justice Cherry concurred, said:

"I concur in the order reversing the judgment and remanding the cause for a new trial. I do so, however, upon one ground only, namely, that plaintiff failed to accept within two weeks the diminution of the judgment required by the trial court's order of February 19, 1927. That order is quoted in full by Mr. Justice Straup. It relates to the motion for a new trial. It is not happily worded, but, in my judgment, the fair import of the order is that upon failure to accept the reduction of the judgment by the plaintiff within the time designated therein a new trial resulted. The great weight of authority seems to be to the effect that a new trial granted upon condition becomes absolute upon failure to meet the condition. The authorities cited by Mr. Justice Straup support that view, and no authorities to the contrary are cited by respondent."

It is apparent, therefore, that a new trial was in fact granted by the district court, and hence there was no final judgment from which an appeal could have been taken. If it is to be urged that the trial court committed error in making his order of December 31st, that question, if the

record concerning it is properly preserved and presented, may be reviewed by this court if and when a final judgment is entered and an appeal taken therefrom.

The appeals are dismissed, and case remanded for a new trial; neither party to recover costs on this appeal.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.