[Civ. No. 8355. First Appellate District, Division One.—January 13, 1933.]

WILLIAM S. GLORIA, Respondent, v. A COLONIA POR-TUGUESA (a Corporation), Appellant.

Alberto Moura and Louis B. DeAvila for Appellant.

Alfred J. Hennessy for Respondent.

GANS, J., *pro tem.*—Respondent was awarded damages in an action for libel instituted against A Colonia Portuguesa, a newspaper, Arthur V. Avila, its editor, and several others, but which was dismissed during trial as to all defendants except the newspaper and its editor, against whom the damages were awarded, and the newspaper has appealed.

The verdict of the jury was that respondent recover from the newspaper $10,000 compensatory and $1,000 punitive

damages, and from the editor $5,000 compensatory and $5,000 punitive damages. Judgment was entered accordingly, and on May 28, 1931, the court made and filed the following order on motion for a new trial: "It appearing to the satisfaction of the court that the damages awarded are excessive and that the verdict is irregular in attempting to apportion compensatory damages between the defendant A Colonia Portuguesa, a corporation, and Arthur V. Avila, now therefore it is ordered that if within five (5) days plaintiff files his written consent to a modification of the judgment so that the same will award as compensatory damages the sum of $2,000.00 against said defendants jointly and severally and as punitive damages the sum of $1,000.00 against the defendant Arthur V. Avila, alone, the judgment shall be so modified accordingly and said defendant's motion for a new trial be and it is hereby denied. Otherwise, if plaintiff fails to file said written consent within five (5) days said defendant's motion for a new trial will be and it is hereby granted on the ground of the insufficiency of the evidence to justify the verdict rendered herein." Respondent made no attempt to comply with the condition imposed by said order within the five days succeeding the filing thereof; but on June 4, 1931, the seventh day after the order was filed, he filed a written consent to the modification of the judgment, and thereupon the clerk made the following entry: "June 4, 1931 No. 114450 Judgment modified to read $2,000.00 against said defendants, jointly and severally and $1,000.00 against defendant Arthur V. Avila."

Appellant contends that respondent's failure to comply with the condition imposed by said order within the five-day period succeeding the filing thereof, made effectual and absolute, at the expiration of such period of time, the alternative portion of said order granting a new trial; and that consequently whatever was done thereafter by plaintiff or the clerk relating to a modification of the judgment was a nullity. We are of the opinion that such contention must be sustained. The well-settled rule is that when a trial court makes and causes to be entered a conditional order granting or denying a motion for a new trial, its jurisdiction is exhausted and thereafter it has no power to change or modify the order except for inadvertence or mistake in

the entry thereof (*Holtum* v. *Greif*, 144 Cal. 521 [78 Pac. 11]; *United Railroads* v. *Superior Court*, 170 Cal. 755 [151 Pac. 129, Ann. Cas. 1916E, 199]; *Compton* v. *Northwest Engineering Co.*, 116 Cal. App. 523 [2 Pac. (2d) 1014]); and that unless the party upon whom the condition is imposed complies with such condition within the limitation of time fixed therefor, the alternative portion of the order becomes operative and final at once, at the expiration of such period of time. (*Holtum* v. *Greif, supra; Brown* v. *Cline*, 109 Cal. 156 [41 Pac. 862]; *Taber* v. *Bailey*, 22 Cal. App. 617 [135 Pac. 975].) Two cases in point from other jurisdictions wherein additional authorities are cited are *Bourne* v. *Moore*, 77 Utah, 184 [292 Pac. 1102], and *Plecas* v. *Devich*, 72 Utah, 578 [272 Pac. 197].

Respondent does not question the soundness of the foregoing cases, nor does he attempt to answer the contention made by appellant based thereon other than to cite several criminal cases, among them being *People* v. *Zuvela*, 191 Cal. 223 [215 Pac. 907], which hold in effect that the failure of a court to impose sentence upon a defendant within the time provided by section 1191 of the Penal Code is an irregularity of procedure which does not operate to the defendant's prejudice, and therefore, in view of the provisions of section $4\frac{1}{2}$ of article VI of the Constitution, does not serve as grounds for a new trial. But it will be seen at once that the doctrine declared by the cases cited by plaintiff has no application whatever to the situation presented here, for the reason that we are not dealing with any irregularity of proceeding or error on the part of the trial court. The trouble arises solely out of the single fact that respondent failed to avail himself of the opportunity to comply with the condition imposed by the court within the limitation of time granted therefor. And manifestly the giving effect to respondent's belated consent to a modification of the judgment and to the entry of the clerk based thereon would operate to appellant's prejudice, because by doing so it would necessarily nullify the order granting a new trial, which, subject to the exceptions above mentioned, can be reviewed and set aside only on appeal. (*Holtum* v. *Greif, supra*.)

■ Some suggestion is made by respondent to the effect that the time for compliance with said conditional order did not start to run until he received notice of the making and filing thereof; and in this connection he states in his brief that on account of two intervening holidays he did not receive such notice until June 1, 1931, which was but three days prior to the date on which he filed his written consent to the modification of the judgment. It is expressly set forth in the written consent signed and filed by respondent, however, contrary to the statement made in his brief, that "notice was received on May 29, 1931". Therefore, regard-. less of the question of whether respondent was entitled to notice of the entry of the conditional order, it affirmatively appears that he did not comply with the condition imposed thereby even within five days after receiving notice of the entry of said order.

Appellant urges a number of other points for reversal, but in view of the conclusion we have reached on the foregoing question it will be necessary to consider only those which may have a bearing on a retrial of the action. ■ The first of these is that the complaint does not state facts sufficient to constitute a cause of action and that "the innuendo pleaded and the innuendo attempted to be proved are entirely different and for that reason no recovery can be had". We find no merit in the point. The essential facts alleged in the complaint in support of which evidence was introduced at the trial were as follows: Respondent is a native of Portugal, and the publisher of another newspaper printed in the Portuguese language and having wide circulation among the Portuguese people. He is also a writer, linguist and lecturer, and holds prominent positions in several Portuguese societies, being the author of much of the ritualistic work thereof. The appellant newspaper, which is also published in the Portuguese language and has a large circulation among the people of that nationality, questioned the integrity of a person holding an office in one of said societies and the respondent's newspaper came to his defense. During the bitter controversy growing out of the affair the appellant newspaper published a cartoon of an ass in grotesque form, which the complaint alleges and the evidence shows was intended to portray and repre-

sent respondent, and that it was so understood by many readers of the appellant newspaper. Printed with the cartoon was certain reading matter, published in the Portuguese language, which by innuendo charged respondent with corruptly and dishonestly accepting money for defending said member who by innuendo was referred to as a "wild boar", all of which, so the complaint alleges and the evidence tended to show, was done maliciously and with intent to injure, defame and disgrace him, and to expose him to hatred, contempt, ridicule and obloquy, and to injure his good reputation and the business of the newspaper he was publishing. Without further describing the cartoon or the reading matter accompanying the same, it will be sufficient to say that the same constituted a libel, as that term is defined by statute and interpreted by numerous decisions (see sec. 45, Civ. Code; *Fitch* v. *De Young,* 66 Cal. 339 [5 Pac. 364]; *Vedovi* v. *Watson & Taylor,* 104 Cal. App. 80 [285 Pac. 418]; *Bates* v. *Campbell,* 213 Cal. 438 [2 Pac. (2d) 383]; *Moley* v. *Barager,* 77 Wis. 43 [45 N. W. 1082]; 17 R. C. L. 288), and that the complaint and the evidence were legally sufficient to sustain a judgment for damages in an action for libel. The only other points requiring notice relate to rulings on the admissibility of certain testimony, and we find no substantial error therein.

For the reasons stated the proceedings taken by respondent in the trial court relating to a modification of the judgment after the order granting a new trial became final, and the entry made by the clerk based thereon are annulled; and the appeal taken from the original judgment, which was set aside by the trial court's order granting a new trial, is dismissed, appellant to recover its costs.

Knight, Acting P. J., and Cashin, J., concurred.