[Civ. No. 7399. Third Dist. Mar. 1, 1948.]

E. P. HURT, Appellant, v. BASALT ROCK COMPANY, INC. (a Corporation) et al., Respondents.

Fink & Keyston, King, King & Ghidella for Appellant.

Coombs & Dunlap, David Dunlap, Clarence N. Riggins and Nathan F. Coombs for Respondents.

PEEK, J.—This is an appeal by plaintiff from certain orders of the trial court; the first conditionally granting defendants' motion for a new trial, and the second unconditionally granting said motion.

Plaintiff is a mining and metallurgical engineer. At the time of defendants' alleged slander and assault he was employed by a firm of mining and metallurgical and chemical engineering consultants who had been then engaged by defendant Rock Company to conduct research in connection with the development of a light-weight aggregate as a constituent of building blocks. Plaintiff's duties in furtherance of such capacity were confined to laboratory work at defendants' plant near Napa, California.

The pertinent portions of the two complaints filed by plaintiff—one for slander, the other for assault, which were consolidated for the purposes of the trial—allege that on October 22, 1946, A. G. Streblow, president of defendant company, accompanied by a laborer, one Bennett, entered the laboratory where plaintiff was working, and in the presence of Bennett uttered the alleged slander and committed the alleged assault. Streblow accused plaintiff of attempting to bribe one of the employees of defendant company to give him a sample of raw material (other than the material upon which plaintiff was working) upon which experiments were being conducted. He also accused plaintiff of being dishonest and betraying the defendant company, that he had violated the ethical standards of and was a disgrace to his profession, and that he was a damn liar. Streblow then struck the plaintiff's brief case from his hand, ripped it open and dumped the contents on a table, and thereafter he and Bennett, each taking plaintiff by an arm escorted him off the premises.

The truth or falsity of the accusations made by Streblow against the plaintiff, first in the presence of Bennett and later during a telephone conversation with plaintiff's employers, is much disputed. It appears that the plaintiff's research was confined to work on pumice, but that the company at the time was conducting experiments on another material of a secret nature. Plaintiff prior to the alleged slander

had been given a piece of the processed material, but not the raw material. Plaintiff testified that he wanted a piece of the raw material for testing and was motivated solely by his interest in behalf of the company.

An employee of the company, Ray Gilmore, testified that the plaintiff had asked him to get some of the raw material for him and that he (plaintiff) would make it worth his while. Streblow was later informed of the incident by another employee and confirmed it with Gilmore. It was this incident which gave rise to the alleged slander.

At the conclusion of the hearing the jury returned a verdict in favor of plaintiff in both actions assessing damages for the assault in the sum of $1.00 and for slander in the sum of $12,500.

Defendants' motion for a new trial in the assault action was denied. However, in the slander action the motion was granted as previously mentioned, and it is these orders which are now before this court for review.

On December 20, 1946, the trial court prepared and filed a memorandum in connection with the granting of defendants' motion wherein it was stated:

"For the purpose of permitting this unfortunate litigation to end, in order to secure to the plaintiff the vindication from wrongdoing which the jury has given to him and in order to save all litigants the expense and inconvenience of further litigation the court *has concluded to give plaintiff the option to take judgment for Three hundred Dollars as damages or a new trial, such option to be exercised by plaintiff before the expiration of the sixty days within which the court has jurisdiction to grant a new trial and before the close of business December 24th, 1946.*" (Italics ours.)

The memorandum concluded with the following order:

"IT IS THEREFORE ORDERED AS FOLLOWS:

"1. That in action Number 10239 (the slander action) the motion for a new trial is denied, *but conditionally nevertheless* that plaintiff file appropriate legal documents herein effectuating his consent that he take judgment in the sum of $300.00 or in lieu of $12500.00 and that the judgment may be reduced from $12500.00 to $300.00 and that plaintiff will give a good and sufficient satisfaction of judgment upon the payment to him of $300.00 together with costs, *otherwise* and in the event the plaintiff does not exercise the option hereby

extended to him the motion for a new trial is hereby granted, and in this regard the court specifies said motion for a new trial has been granted upon the grounds of insufficiency of the evidence.

"2. That in action Number 10240 (the assault action) the motion for a new trial is denied."

On December 26, 1946, the court made and entered its order unconditionally granting the motion for a new trial in the slander action as follows:

"ORDER GRANTING MOTION FOR NEW TRIAL

"The motion of BASALT ROCK COMPANY, INC., a corporation, and A. G. STREBLOW, defendants in the above entitled action, for an order vacating and setting aside the verdict rendered in the above entitled action and granting a new trial of said cause having been heard and duly submitted, and good cause appearing therefor, IT IS ORDERED that said motion be and the same is hereby granted upon all the grounds set forth in the notice of intention to move for new trial, served and filed in the above entitled court and cause, and specifically upon the ground of the insufficiency of the evidence to sustain the verdict, and said verdict is hereby set aside and a new trial granted of said action."

On the same day, December 26, 1946, the court specified the grounds on which the motion for a new trial was granted as follows:

"SPECIFICATION OF GROUNDS ON WHICH MOTION
FOR NEW TRIAL HAS BEEN GRANTED

"The Court having heretofore made and entered an order setting aside the verdict rendered in the above entitled action and granting a new trial of said cause, now specifies the following grounds upon which the new trial was granted, said grounds being as follows:

"1. Excessive damages, appearing to have been given under the influence of passion or prejudice;

"2. Insufficiency of the evidence to justify the verdict;

"3. That the verdict is against law;

"4. Errors in law, occurring at the trial and excepted to by the defendants making the application."

The trial court having reguarly made and entered its order of December 20, granting a new trial on the conditions therein set forth, its power to thereafter correct, amend or vacaté that order was ended, except as provided by statute

i. e., if inadvertently entered it could have been set aside by a proper showing, or if as entered, it was not the order as made, the minutes could have been corrected so as to make them speak the truth, "but subject to these exceptions [such] order is reviewable only on appeal." *(Holtum* v. *Greif,* 144 Cal. 521, 526 [78 P. 11].) It necessarily follows from the rule enunciated in the cited case that the second, or unconditional order of December 26th, as entered by the trial court herein, was void and of no effect.

The power of a court to grant or deny a motion for a new trial conditioned upon the performance of certain specified acts cannot be questioned *(Holtum* v. *Greif, supra, Gloria* v. *A Colonia Portuguesa,* 128 Cal.App. 640 [18 P.2d 87].)

It is to be noted that although the memorandum opinion of the trial court stated that the plaintiff should be given until December 24, within which to accept the $300 or a new trial would be granted, the order as entered failed to include the sixty-day provision as mentioned in the memorandum opinion.

A similar situation was presented in *Holtum* v. *Greif, supra.* There also the trial court originally entered a conditional order and upon refusal of the moving party to accept the terms thereof the court by a second order in which it attempted to vacate and annul the previous order, unconditionally granted the motion. On appeal it was held that the condition contained in the first order was an essential part thereof, that when the power of a court to set aside the order for a new trial ceases, likewise "its power to eliminate one of the substantial terms of the order must, for the same reasons, be held to have ended," and that an order once regularly entered can be set aside only in the method prescribed by statute. It necessarily follows that by reason of the appeal herein the original conditional order of the trial court has not been converted into an unconditional order granting a new trial by failure of plaintiff to accept the conditions thereof, and therefore by reason of our conclusion herein said conditional order of December 20 is to be construed as requiring performance of the conditions on demand. *(Holtum* v. *Greif, supra,* at p. 526.)

The only issue remaining for determination relates to the validity of the order granting a new trial upon the insufficiency of the evidence. The rule is well established

that such an order will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion and only where it can be said "as a matter of law that there is no substantial evidence to support a contrary judgment." *(Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305 [163 P.2d 689].) (See also 20 Cal.Jur. 106 et seq.)

An examination of the record before us discloses that the evidence on the question of the truth or falsity of the defamatory remarks, if such they were, is in decided conflict, and upon this ground alone the jury could well have found in favor of the defendants. Likewise the question of damages: These and other matters unnecessary in this appeal, appear to have been carefully considered by the trial court as evidenced by the complete discussion of the entire transcript appearing in its memorandum opinion. Hence under the facts and circumstances herein presented it cannot be said as a matter of law that there is no substantial evidence to support a contrary judgment. Furthermore under such conditions it cannot be said that there was any abuse of the discretion of the trial court in granting defendants' motion for a new trial upon the conditions contained in its order of December 20.

The original order of December 20, 1946, conditionally granting the new trial is affirmed, and the unconditional order of December 26, 1946, is annulled. Each party to stand his own costs.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied March 30, 1948, and opinion and judgment were modified to read as above.

Respondents' petition for a hearing by the Supreme Court was denied April 29, 1948. Edmonds, J., Traynor, J., and Schauer, J., voted for a hearing.