[Civ. No. 7694.   Third Dist.   Aug. 17, 1950.]

## E. P. HURT, Appellant, v. BASALT ROCK COMPANY, INC. (a Corporation) et al., Respondents.

King & Ghidella and Fink & Keyston for Appellant.

Coombs, Dunlap & Blanckenburg and Clarence N. Riggins for Respondents.

PEEK, J.—On a former appeal this court confirmed an order of the Superior Court of Napa County conditionally granting the motion of defendant Basalt Rock Company for a new trial. (See *Hurt* v. *Basalt Rock Co.*, 84 Cal.App.2d 81 [190 P.2d 240].)   The present appeal is a sequel to the former, presenting issues arising out of events transpiring subsequent to our decision in the former appeal and in particular from an order of the trial court vacating a judgment entered by the clerk of the superior court of said county.

The facts pertinent to a determination of the issues presented herein are that on October 26, 1946, a jury verdict in the sum of $12,500 was entered in favor of plaintiff Hurt.   The motion of defendant Basalt Rock Company for a new trial, above referred to, was granted by an order dated December 20, 1946, wherein it was stated: " . . . the motion for a new trial is denied, *but conditionally nevertheless* that plaintiff file appropriate legal documents herein effectuating his consent that

he take judgment in the sum of $300.00 or in lieu of $12,500.00 and that the judgment may be reduced from $12,500.00 to $300.00 . . . *otherwise* and in the event plaintiff does not exercise the option hereby extended to him the motion for a new trial is hereby granted . . . upon the ground of insufficiency of the evidence.'' Plaintiff on December 31, 1946, took an appeal from said conditional order granting defendants' motion for new trial and the order was affirmed by this court by its decision filed March 1, 1948. On March 30, 1948, a petition for rehearing was denied, and on May 1, 1948, the remittitur was filed in the superior court. On September 29, 1948, defendants gave written notice to plaintiff requesting him to elect whether or not he would exercise the option extended to him in the trial court's order of December 20, 1946. Plaintiff made no response to this demand. On November 15, 1948, plaintiff caused the clerk of the trial court to enter a judgment on the verdict filed in October, 1946. On November 30, 1948, plaintiff served defendants with a notice of motion to direct the clerk to issue an execution on said judgment. On December 3, 1948, defendants served plaintiff with a notice of motion for an order vacating, annulling and striking from the files said judgment upon the ground that making an entry thereof was unauthorized and that the judgment was void. On December 13, 1948, the trial court denied the motion of plaintiff for the execution and granted defendants' motion to vacate, annul and strike from the files said judgment.

Plaintiff now appeals from the order denying his motion for issuance of an execution on the judgment entered by the clerk, and from the order granting defendants' motion to strike said judgment from the files. His contention is that since the conditional order for a new trial entered December 20, 1946, specified no time limit for him in which to make an election ''The whole matter of the disposition of the motion for a new trial was arrested, suspended and held in abeyance, during the election to be made by the plaintiff without limitation as to time.'' In other words he argues that as the ''trial court made no final ruling whatsoever on the motion for a new trial, inasmuch as no time whatsoever was specified wherein the plaintiff was to file such consent if he so elected,'' and as said motion was not determined within the 60-day period provided for in section 660 of the Code of Civil Procedure, it must be considered as denied, and hence it was proper to enter judgment on the verdict.

At the outset appellant is confronted with the effect of this court's decision on the former appeal. There this court held that by reason of the appeal having been taken the original conditional order of the trial court had not been converted into a conditional order granting a new trial and that the order should be construed as requiring performance of the conditions on demand. We there said, after referring to the holdings of *Holtum* v. *Grief*, 144 Cal. 521, 526 [78 P. 11]: "It necessarily follows that by reason of the appeal herein the original conditional order of the trial court has not been converted into an unconditional order granting a new trial by failure of plaintiff to accept the conditions thereof, and therefore by reason of our conclusion herein said conditional order of December 20 is to be construed as requiring performance of the conditions on demand." Whereupon this court determined that the order made was supported by substantial evidence, and being therefore within the proper exercise of discretion by the trial court, the order was affirmed. The petition for a rehearing was denied and thereafter a petition for hearing by the Supreme Court was denied. This court's holding became the law of the case and, as a result, when, after the going down of the remittitur, plaintiff and appellant herein refused on demand to elect to accept the reduction the order granting new trial became operative as an unconditional order to that effect. When in the face of such an order the clerk of the trial court presumed to enter a judgment upon the verdict originally rendered his act was completely without authority of law and was a nullity.

The orders appealed from are affirmed.

Adams, P. J., and Van Dyke, J., concurred.