Rice *v.* Gashirie.

---

### RICE *v.* GASHIRIE.

THE terms of new trial are peculiarly within the discretion of the Court, with the exercise of which, the Appellate Court will not interfere, except upon a clear showing of abuse, or grossly unreasonable terms.
For error of law, excepted to, an appeal lies, without motion for new trial.

APPEAL from Tenth District.

Ejectment. The only fact upon which the decision turns appears in the opinion of the Court.

*Reardan & Dunn,* for Appellant, argued that the facts of the case show it was inequitable and unjust to impose costs as a condition of new trial. They are only imposed where a new trial is awarded for reason of some remote or indirect laches of the party applying, and not in any degree contributed to by the opposing party. But where the Court below erred in its rulings, or where the verdict is against evidence, costs are never imposed. In this case, the one or the other was conceded by the Court in awarding the new trial. (Amsby *v.* Dickhouse, 4 Cal. 102.)

*Bryan & Filkins,* for Respondent, cited Battelle *v.* Conner, (6 Cal. 140.)

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

The defendant in this case moved the Court for a new trial.. This motion was granted, on the payment of costs—such payment having been made by the order a condition precedent. The defendant did not, at the time, except to these terms; the plaintiff excepted. The defendant, some two or three months afterwards, gave notice of appeal.

The only thing from which the defendant could appeal, under these circumstances, is the annexing of this condition to the granting of his motion. The terms upon which a Court will grant a new trial are peculiarly a matter within its discretion. This must necessarily be so; for so many reasons relating to the conduct, management, and peculiar circumstances of the trial, may exist, that it would be impossible to prescribe any general rules on the subject. If error at law intervenes, a party may take his exceptions, and prosecute his appeal without motion for a new trial; but if he makes his motion, and relies upon that for redress against an improper verdict, he must subject himself to the equitable power of the Court. The verdict may have gone against him, in some degree, or wholly, by his own neglect or default, or even the rulings of law be chargeable to his own laches or want of diligence. In such cases it may be proper to grant him a new trial—yet, only upon equitable terms. We cannot interfere with this exercise of discretion unless upon a clear showing that it has been abused, or that the terms were grossly unreasonable. This record shows no such case.

Judgment affirmed.