[No. 3,386.]

## A. L. SHERMAN v. ROBERT MITCHELL, H. S. GATES, THE SAN FRANCISCO AND POINT LOBOS ROAD COMPANY, ET AL.

COMPLIANCE WITH CONDITIONAL ORDER GRANTING NEW TRIAL. — When an order is made granting a new trial to several defendants, on condition that the defendants pay the costs of the action up to date, a payment by the defendants to the plaintiff of the costs of the action made prior to the date of the order, is a compliance with the condition, and a payment made by one of the defendants, and not by all, is also a compliance.

IDEM. — If an order is made granting a new trial to the defendants, on the compliance by them with certain conditions, and the conditions are complied with, the Court cannot, on a motion to vacate this order, look beyond the question as to whether the conditions have been complied with, and undertake to investigate arrangements concerning the action made between the defendants themselves.

NEW TRIAL BECAUSE VERDICT IS AGAINST EVIDENCE. — The rule, that where there is a substantial conflict in the evidence the Supreme Court will not grant a new trial because the verdict is against the weight of evidence, does not apply to the Court below in which the trial was had. There, if the Judge is satisfied that the verdict is against the weight of evidence, he should grant a new trial, even if there is a conflict in the evidence.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The judgment was rendered April 16th, 1870, and notice of motion for a new trial given April 21st, 1870.

The other facts are stated in the opinion.

*H. C. Newhall* and *George F. & W. H. Sharp*, for Appellant.

*Sharp & Lloyd* and *Earl Bartlett*, for Respondents.

By the Court, NILES, J.:

The action was ejectment against a number of defendants. The plaintiff had a verdict and judgment. The defendants moved for a new trial, and on the 13th of February, 1872, an order was made granting the motion, upon the following terms, expressed in the order: " On payment by the defendants of all costs herein up to date, and on payment of two hundred dollars, the costs for opposing this motion; that said payment be made in ten days; otherwise that defendants' motion for a new trial be denied." On the 12th day of April, 1872, the plaintiff moved for an order denying defendants' motion for a new trial, and vacating "so much of the order of the 13th of February, 1872, which allowed the defendants a new trial, upon the payment of said costs and counsel fees," upon the ground that the defendants had failed to comply with the conditions upon which the new trial was granted, by a non-payment of the costs imposed within the time prescribed. This motion was denied, and an appeal is taken from the order of denial.

From the statement accompanying the order it appears that the sum of two hundred dollars, imposed as plaintiff's costs for resisting the motion, was paid to the Clerk of the Court by the defendants' counsel on the twenty-first day of February. This payment is undisputed, and was a compliance with one of the prescribed conditions.

It further appears that on the 5th of May, 1871, the plaintiff made and filed a satisfaction piece in due form, by which he acknowledged the receipt from Gates (one of the defendants) of the full amount of his judgment for costs, and authorized the Clerk to enter satisfaction of record. This judgment was for the amount claimed by the plaintiff as the " costs to date " mentioned in the conditional order granting a new trial.

If this payment was made to the plaintiff as stated in the acknowledgment, there can be no question that the conditions upon which the new trial was to be granted were fully satisfied, and the order granting the same became thereby operative; for it cannot be material that the costs were paid at a date prior to the making of the order, or that it was made by one of the defendants and not by all. The plaintiff would have received all that he had a right to demand by the terms of the order, and it could not be material to him at what time or by whom the payment was made.

We do not see how the facts alleged in the affidavit of defendant Gates can materially affect this result. The material facts stated in the affidavit are, that at the time the statement on motion for a new trial was filed, Gates, who was one of the defendants in the action, and Haggin, who was a Trustee of the Point Lobos Road Company, also a defendant, purchased the plaintiff's claim and judgment for the sum of fifteen thousand dollars, and received a deed of all the plaintiff's claim to the land in controversy; that this was done under the belief that the other defendants would ratify their action in the premises and contribute to the payment of the purchase money in the proportion of their respective interests in the property; that, acting upon that belief, they caused a satisfaction of the judgment for costs to be entered; that, in consequence of the purchase, no counter-affidavits on motion for new trial were filed; that

many of the defendants agreed to contribute, but few had done so, and that affiant and Haggin had received but a small portion of the moneys expended by them.

It is clear that the failure of the defendants, or any portion of them, to fulfill any express or implied contract with Gates and Haggin, was not a subject for the consideration of the Court in passing upon the motion to vacate the order granting a new trial. Relief for these injuries must be sought in another action. The only question before the Court was, whether the conditions upon which the new trial was granted, had been complied with—that is, whether the costs which had then accrued had been paid. By the appellant's own showing, the full amount of the judgment for costs was received by the plaintiff from Gates and Haggin— the former being a defendant in the action, and the latter the trustee of a company which was a defendant. That this was intended as payment, is shown by the fact that no assignment of the judgment was made to Gates and Haggin, but, on the contrary, a formal satisfaction of the judgment was made and filed. This was certainly sufficient to authorize the Court to hold, as it did, that the conditions of the order had been fulfilled, and that the motion to vacate should therefore be denied.

An appeal was also taken from the order granting a new trial. The order was general, and the grounds upon which it was granted do not appear. Among other grounds of motion was insufficiency of the evidence to support the verdict. It is admitted that the evidence was conflicting, and it is claimed by appellant that since there was enough evidence on every issue to support the verdict, it was necessarily error to grant a new trial upon that ground. This is not the correct rule, or the one recognized by this Court. In *Dickey* v. *Davis*, 39 Cal. 569, we said: "In this Court, when there is a substantial conflict in the evidence, we decline to set aside a verdict or finding of facts as being con-

trary to the weight of evidence, solely because we have had no opportunity to observe the manner of the witnesses, and to decide upon their credibility. But this reason does not apply to the District Judge, and though it is the peculiar province of the jury to decide upon the facts submitted to them, generally, in doubtful cases, the verdict ought not to be set aside as contrary to the weight of the evidence; nevertheless, if the Judge is not satisfied with the verdict, and is convinced that it is clearly against the weight of the evidence, it is his duty to set it aside, even though there may have been some conflict in the testimony." A large discretion is given to the trial Court in passing upon this question, and one with which the appellate Court will rarely interfere. We do not think this record presents a case for such interference.

Orders affirmed.

Mr. Chief Justice WALLACE did not express an opinion.