## The Adams Express Company v. G. C. Gregg.

New Trial; *Practice; Error.* Where the court grants to the plaintiff a: new trial upon the condition that he pay all costs within thirty days,. and he fails to pay such costs within that time, and the only reason which he gives or offers for such failure is, that he relied upon his counsel, and his counsel "was under the impression that sixty days were allowed plaintiff in which to pay said costs, instead of thirty," *held,* that the plaintiff has lost his right to a new trial, and that the court or judge cannot, after said thirty days have expired, either at chambers or at a subsequent term of the court, extend the time for the payment of said costs, so as to make said order, granting a new trial, efficacious, and cannot, upon the old grounds, make a new order, granting a new trial.

### *Error from Cherokee District Court.*

Action originally brought by *G. C. Gregg,* the defendant in error, in a justice's court, of Cherokee county, against the *Adams Express Company,* to enforce a certain alleged claim for rent. The case was appealed to the district court, and, a jury being mutually waived, was tried before the judge of the court, May 7, 1878. After argument, the cause was taken under advisement by the court. Afterward, at the same term of the court, on the 26th of June, 1878, both parties being present, the court rendered absolute judgment in favor of the defendant, the *Adams Express Co.,* and against the plaintiff, *G. C. Gregg,* for costs, to which judgment no exception was taken by *Gregg.* On the same day *Gregg* filed a motion for a new trial, and on the hearing thereof the court granted the application, upon the express condition that the costs of the action in full to date should be paid by *Gregg* within thirty days from the date of the order, to which order the defendant duly excepted. The costs were not paid within the specified time, which expired on July 26, 1878. On the following day, the 27th of July, the defendant filed a precipe for an execution in the clerk's office. On the 2d of August, 1878, the plaintiff in the action, *Gregg,* applied, by motion, to the judge at chambers, at a time when the court was not in session, for further time

in which to pay the costs for which judgment had been rendered against him. Of this motion, the defendant had no notice. On hearing this *ex-parte* motion, the judge granted the application, and gave *Gregg* until August 7, 1878, in which to pay the costs, upon which payment the cause was "to be and stand fully reinstated on the docket of said court, as though paid at the time stipulated in the original order made in said action, at the last term of said court." The cause, under authority of said order at chambers, was placed on the trial docket by the clerk. On August 23, 1878, the *Express Co.* filed a motion to strike the action from the docket, as well as an amended petition filed by *Gregg*, from the files, for various reasons, the principal of which was, that the order at chambers was void, the court having no authority to grant such an order. On the hearing of the motion last referred to, the court overruled it, the defendant excepting thereto; and this order the *Express Co.*, by this proceeding, asks this court to reverse.

*Blair & Perry*, for plaintiff in error.

*W. H. Hornor*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: It is not certain that the court below, in granting to the plaintiff a new trial upon any terms, did not extend to him a degree of indulgence far beyond anything that he had a right to claim as a matter of right. And for this reason we think the plaintiff should have complied strictly and promptly with the terms imposed by the court. But as he did not do so, had he afterward any remedy for his failure? We would hardly think that he had. As the court below granted the new trial solely upon the condition that the plaintiff should pay all costs within thirty days, the plaintiff was bound to fulfill that condition, by the payment of such costs within that time, or the order granting the new trial could never have any operative force or efficacy. A

Adams Express Co. v. Gregg.

thing depending for its force and efficacy upon the happening of some future event, can never have any force or efficacy unless such future event is brought into existence. And an order granting a new trial, upon a certain condition, is substantially the same as no order, if the condition never happens, or is never fulfilled. After the time has elapsed for the condition to be fulfilled, without the same being fulfilled, it is just the same as though no such order had ever been granted. At least, this is usually the case, and we do not think that the present case presents any exception to the general rule. The plaintiff, in the present case, did not furnish any sufficient reason for his failure to pay said costs within the time prescribed by the court. The only reason given by him, or offered, was, that the plaintiff relied upon his counsel, and his counsel "was under the impression that sixty days were allowed plaintiff within which to pay said costs, instead of thirty." This reason was not sufficient. We think the ruling of the judge of the court below at chambers, and also the subsequent rulings of the court at its next term, tending to make said former order, granting a new trial, efficacious, or granting a new trial, were erroneous.

The judgment of the court below, as it was originally rendered in favor of the defendant below, and against the plaintiff below for costs, must be enforced. And all rulings and orders of the court below, made subsequently to said conditional order granting a new trial, and tending to destroy the force or efficacy of said judgment, will be reversed.

All the Justices concurring.