[Civ. No. 4293. Third Appellate District.—September 8, 1931.]

P. A. COMPTON, Plaintiff and Respondent, v. NORTHWEST ENGINEERING COMPANY (a Corporation), Appellant; COLLINS-KAY MACHINERY COMPANY, etc., et al., Defendants and Respondents.

Fletcher G. Flaherty, Robert Brennan and E. T. Lucey for Appellant.

Bertrand J. Wellman for Plaintiff and Respondent.

Rydalch & Mullen and H. S. Clewett for Defendants and Respondents.

THOMPSON (R. L.), J.—This is an appeal from an order purporting to grant a new trial after a previous order had been duly made and entered denying plaintiff's motion for a new trial. The appeal is presented to this court upon a bill of exceptions. It is contended the court was without jurisdiction to change its original order denying a new trial.

The plaintiff lost a hand in operating a drag-line excavating machine. In a suit for damages the complaint alleged that the injury was sustained through the negligence of the defendant Hildebrand, who was engaged in demonstrating the machine as the agent of the appellant Northwest Engineering Company and of the co-defendant Collins-Kay Machinery Company. The cause was tried with a jury. Separate verdicts were rendered. It was held that plaintiff was entitled to take nothing from the appellant Northwestern Engineering Company. The plaintiff was, however, awarded a verdict of $25,000 against the remaining defendants,

Collins-Kay Machinery Company and Hildebrand. A judgment was entered accordingly on February 16, 1928. In due time the plaintiff served and filed upon the defendant Northwest Engineering Company a notice of intention to move for a new trial. This motion was argued and submitted on March 30th. Three days later the court made and entered an unqualified order that "Plaintiff's motion for a new trial heretofore submitted is by the court denied."

Subsequent to the filing of plaintiff's motion for a new trial, the defendants Collins-Kay Machinery Company and Hildebrand, against whom the judgment for damages was entered, served and filed a separate notice of intention to move for a new trial. On April 10th this last-mentioned motion for a new trial was argued and submitted. The next day the court made and entered the following minute order: "Defendants' motion for a new trial heretofore submitted is now by the court granted as to all defendants, and (the) order of April 2, 1928, denying plaintiff's motion for new trial, having been prematurely entered is hereby vacated, and plaintiff's motion for new trial is hereby granted."

The court certified that the bill of exceptions "is true and correct *and contains record of all proceedings subsequent to the entry of judgment* herein . . . ". From this bill of exceptions it appears that no motion to modify or set aside the first order denying plaintiff's motion for a new trial was ever made pursuant to section 473 of the Code of Civil Procedure, or at all. It also affirmatively appears that the original order denying plaintiff's motion for a new trial was duly and regularly made and entered, and that it was not prematurely entered. The two motions for new trial were separate and distinct. The first one was instituted by the plaintiff. It was served upon the defendant Northwest Engineering Company, in whose favor a valid, binding judgment had been previously rendered and entered. The motion for a new trial was duly argued and submitted. The court had jurisdiction to hear and determine this motion. On April 2d the court did formally make and enter an order denying this motion for a new trial. ■ By the formal denial of this first motion for a new trial, the court exhausted its jurisdiction in that regard. It was thereafter powerless to modify or change this order denying a new

trial against the Northwest Engineering Company, except for inadvertence or mistake in the entry thereof. (20 Cal. Jur. 204, sec. 134; *Bloomquist* v. *Haley,* 204 Cal. 258 [268 Pac. 364]; *People* v. *Martin,* 199 Cal. 240 [248 Pac. 908]; *Robson* v. *Superior Court,* 171 Cal. 588 [154 Pac. 8]; *Vale* v. *Maryland Casualty Co.,* 101 Cal. App. 599 [281 Pac. 1058]; *Arnold* v. *Superior Court,* 71 Cal. App. 298 [234 Pac. 912].) It was not contended the motion was denied through inadvertence or mistake. No motion to modify or set aside this order was ever made upon this ground pursuant to section 473 of the Code of Civil Procedure, or at all. The court merely recites in its last order that the first one was "prematurely entered". This statement of the court to the effect that the first order was prematurely made is without support in the record. In truth, the record which is presented by the bill of exceptions appears to affirmatively indicate that the order was duly and regularly made, and that it was not prematurely entered. In the absence of an appeal, that order denying plaintiff's motion for a new trial was therefore final and conclusive.

The only apparent theory upon which the plaintiff's motion for a new trial might have been granted was that the evidence may disclose the fact that the defendant Northwest Engineering Company was the employer and principal of the defendant Hildebrand, through whose negligence in demonstrating the machine the plaintiff was injured. This would be upon the theory of *respondeat superior,* in accordance with the allegations of the complaint. This was a direct issue in the case. A verdict was rendered and a judgment entered in favor of this defendant, Northwest Engineering Company. It must be assumed this issue of appellant's liability was determined adversely to the plaintiff. The interest and alleged liability of this appellant was separate and distinct from that of the other co-defendants. A denial of plaintiff's motion for a new trial against this appellant did not necessarily have any bearing upon the liability of the other defendants against whom a judgment for damages was rendered. It may, therefore, not be said that the denial of plaintiff's motion for a new trial was premature merely because the defendants against whom a judgment for damages had been rendered also had pending a separate motion for new trial.

The notice of appeal is from the order of court granting plaintiff's and defendants' motions for new trial, and the order setting aside the former order of April 2d which denied plaintiff's motion for a new trial. This final order from which this appeal was taken may be readily segregated so as to permit it to stand in so far as it grants defendants' motion for new trial. (*Corbett* v. *Corbett,* 113 Cal. App. 595 [298 Pac. 819].) This appellant is not concerned with the judgment which was rendered against its co-defendants. Neither of these defendants against whom the judgment was rendered has appealed from the order granting a new trial. The balance of the order from which the appeal was taken, to the effect that the former order denying plaintiff's motion for a new trial is vacated, and plaintiff's motion for a new trial is granted, is in excess of the court's authority and void. This last-mentioned portion of the order is therefore ineffectual with respect to plaintiff's motion for new trial and should be eliminated from the order.

The order of April 11, 1928, is reversed to the extent that it purports to set aside the former order of April 2, 1928, and purports to grant a new trial as against this appellant. The trial court is directed to modify that order accordingly.

Preston, P. J., and Plummer, J., concurred.