[Civ. No. 9128.   Second Appellate District, Division One.—September 25, 1933.]

E. T. JENNINGS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Francis D. Adams and Robert Clifton for Petitioner.

Laurence B. Martin and Frank Linnell for Respondents.

YORK, J.—The case of *Jennings* v. *Carter et al.* was tried in the Superior Court of Los Angeles County on or about the sixteenth day of February, 1923, before the Honorable H. D. Gregory, Judge thereof, said action being one for rescission and cancellation of a deed to a parcel of land alleged to be worth the sum of $30,000, which plaintiff, then an incompetent, was induced to sign through the fraudulent representations of the defendants Carter and Mitchell. The complaint alleged that on or about the twenty-fourth day of April, 1929, plaintiff deposited in escrow with defendant Flora M. Carter, as escrow-holder, a deed signed by plaintiff which was in form a grant deed conveying the said property to defendant Frank Mitchell; that said deed was so delivered in escrow to defendant Carter upon the instructions and agreement that it should be delivered to said escrow-holder only upon payment to plaintiff of the sum of $5,000 and the delivery to plaintiff of a promissory note in the principal sum of $20,000, bearing interest at the rate of eight per cent per annum, $5,000 of which should be payable one year from date thereof, and $5,000 each year thereafter until the same was entirely paid, which said note should be secured by a trust deed on the above-described property which should be a first lien thereon.

It was further alleged that after deposit of the deed in escrow, the defendant Mitchell obtained the possession thereof without the knowledge or consent of plaintiff and without having complied with the terms of the escrow, and caused said deed to be recorded in the office of the county recorder of Los Angeles County; that subsequent to the improper delivery and recording of said deed, defendant Mitchell created certain encumbrances upon and made certain conveyances of said property in favor of the other defendants named in the complaint, who had knowledge of the claims and rights of plaintiff; that plaintiff never received the $5,000 in cash nor the promissory note secured by deed of trust or any trust or security.

The prayer of the complaint was for a cancellation of all instruments and documents signed by plaintiff in connection with said property; that each defendant reconvey to plaintiff any right, title or claim to said property; that in

event said deeds and conveyances be not canceled and annulled that it be decreed that said property is subject to a vendor's lien for the sum of $25,000, with interest, and that it be decreed that said property and all of the right, title, interest, claims or demands of defendants, or any of them, be foreclosed and sold according to law.

It was found by the court that the allegations of plaintiff's complaint were true and by reason thereof, it was ordered that plaintiff have judgment against defendants as prayed for in plaintiff's complaint. The judgment when filed, in addition to the relief prayed for and ordering deeds and reconveyances to be executed and delivered to the plaintiff, also provided: ''and in the event that said deeds and reconveyances be not executed by said defendants and each and all of them reconvey unto plaintiff, said hereinafter described real property and each and every part thereof and in the event that plaintiff shall so elect so to do, plaintiff have judgment against said defendants and each of them for the sum of Twenty-five Thousand Dollars ($25,-000.00) with interest thereon at the rate of seven per cent (7%) per annum from April 24, 1929, until paid''. Thereafter, on April 5, 1932, plaintiff filed his election to have judgment against the defendants for the sum of $25,000. Prior to this time, to wit, March 2, 1932, the defendant Long Beach Building and Loan Association, for itself alone, gave notice of motion for a new trial, which came on regularly for hearing on March 18, 1932, when it was ordered that said motion for new trial be submitted on briefs to Judge Gregory in chambers at Oroville, briefs to be in the hands of Judge Gregory not later than April 9, 1932. Thereafter, on the twenty-ninth day of March, 1932, Judge Gregory, while presiding in department L. B. ''D'' of the Superior Court in and for the County of Los Angeles in the city of Long Beach, vacated the order submitting the motion for a new trial and set it for oral argument on April 18, 1932, at which later date it was continued to April 19, 1932, when a review of the testimony was had and a discussion took place, at which time Judge Gregory stated:

''Also I find that inadvertently a judgment was granted against the Long Beach Building & Loan Association in favor of plaintiff and against it in the sum of $25,000.00

which was not intended, surely not by myself and I don't think it was by counsel for plaintiff. However, it crept into the judgment though not in the findings and that should be corrected. The judgment should be simply the cancellation of this note that I have just referred to placed in escrow by the Farmers etc. National Bank, in the sum of $2,513.80, also the deed and mortgage and any other papers, which Jennings was induced to sign in these transactions are cancelled, set aside and held to be void.

"I am going to ask Mr. Taubman to prepare a modified or amended findings and a modified judgment in this action to be in strict harmony and according to the decision which I have just rendered. Also the plaintiff must herewith accept the new and modified judgment and so indicate by filing acceptance of same in the Clerk's office of the County of Los Angeles, California, or, in case the plaintiff refuses or fails to do so, a new trial must necessarily have to be granted. In case the plaintiffs do accept this modified judgment, a motion for a new trial will be overruled."

Judge Gregory returned to his court at Oroville, California, and while correspondence was exchanged between him and the attorneys of record, no amended findings of fact, conclusions of law or modified judgment were ever signed or filed. In the fall of 1932 said judge was defeated for re-election to his office, and on January 9, 1932, defendant Long Beach Building and Loan Association filed its notice of motion to set said cause for trial, and on February 21, 1933, Judge Wilbur F. Downs, presiding in the Superior Court at Long Beach, California, made the following order: "Defendant's motion heretofore submitted is now granted as to the defendant Long Beach Building and Loan Association, only, and the case is set for trial on April 21st, 1933"; that said order so made by said Judge Downs was incorrectly and erroneously entered in the minutes of said superior court as follows: "Defendant's motion for a new trial heretofore submitted is now granted as to the defendant Long Beach Building and Loan Association, only, and the cause is set for trial on April 21st, 1933"; that on May 9, 1933, said Judge Downs corrected said erroneous minute entry *nunc pro tunc*, striking therefrom, among other things, the phrase "for a new trial". On April 21st the cause was continued to May 11, 1933, and on May 2d peti-

tioner, through his counsel, served counsel for defendant Long Beach Building and Loan Association with a "Notice of Motion for an Order Vacating Order Granting Motion for New Trial, and Setting Cause for Trial".

On May 10, 1933, petitioner filed his petition for a writ of prohibition to restrain the superior court from proceeding with a new trial, and alternative writ of prohibition was issued. It is claimed by petitioner that the superior court had no jurisdiction on February 21, 1933, to set said action for trial and that it had no jurisdiction to hold a new trial, for the reason that under section 660 of the Code of Civil Procedure, the power to pass on a motion for new trial in said action expired sixty days after the filing of the notice of intention to move for a new trial; that notice of intention to move for a new trial was filed in said action on March 2, 1932, and that the powers of said court to pass on said motion expired on April 30, 1932, and that a new trial was not granted in said action, but was denied by operation of law, and the judgment entered therein is final.

Petitioner's contention cannot be sustained by this court. When Judge Gregory on April 18, 1932, while passing on the motion for new trial, found that the judgment in the action contained an erroneous statement, he ordered counsel for plaintiff (petitioner here) to file a modified judgment, or "in case the plaintiff refuses or fails to do so, a new trial must necessarily be granted. In case the plaintiffs do accept this modified judgment, a motion for a new trial will be overruled."

"The well-settled rule is that, when a trial court makes and causes to be entered a conditional order granting or denying a motion for a new trial, its jurisdiction is exhausted and thereafter it has no power to change or modify the order except for inadvertence or mistake in the entry thereof (*Holtum* v. *Greif*, 144 Cal. 521 [78 Pac. 11]; *United Railroads* v. *Superior Court*, 170 Cal. 755 [151 Pac. 129, Ann. Cas. 1916E, 199]; *Compton* v. *Northwest Engineering Co.*, 116 Cal. App. 523 [2 Pac. (2d) 1014]); and that, unless the party upon whom the condition is imposed complies with such condition within the limitation of time fixed therefor, the alternative portion of the order becomes operative and final at once, at the expiration of such period of time. (*Holtum* v. *Greif, supra; Brown* v. *Cline,* 109 Cal.

156 [41 Pac. 862]; *Taber* v. *Bailey,* 22 Cal. App. 617 [135 Pac. 975].) Two cases in point from other jurisdictions wherein additional authorities are cited are *Bourne* v. *Moore,* 77 Utah, 184 [292 Pac. 1102], and *Plecas* v. *Devich,* 72 Utah, 578 [272 Pac. 197].'' (*Gloria* v. *A Colonia Portuguesa et al.,* 128 Cal. App. 640 [18 Pac. (2d) 87, 88].)

█ The conditional order in the cited case was worded in the present tense, it is true, and while the order before us was worded in the future tense—which is objected to by petitioner, who contends that because of the wording thereof it was necessary that another motion for new trial be made —after a consideration of the circumstances under which it was pronounced, we are convinced that a new trial was thereby granted, in the event the condition thereby imposed was not fulfilled.

The petition for the peremptory writ is denied and the alternative writ heretofore issued is discharged.

Conrey, P. J., and Houser, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 23, 1933.