[S. F. No. 17565. In Bank. Dec. 16, 1947.]

THEODORE T. GORBACHEFF et al., Petitioners, v. THE JUSTICE'S COURT OF THE CITY OF BERKELEY et al., Respondents; FRANK R. CREEDON, as Housing Expediter, etc., Intervener.

F. H. Dam for Petitioners.

A. D. Ericksen for Respondents.

Edwin D. Dupree, Jr., Assistant General Counsel, Hugo

V. Prucha, Director Rent Enforcement, Irving M. Gruber, Chief Litigation Branch, Nathan Siegel, Special Appellate Attorney, Sidney Feinberg, Chief Rent Enforcement Division and Frederick E. Fuhrman, Litigation Attorney, for Intervener.

GIBSON, C. J.—Petitioners seek a writ of prohibition to restrain a justice's court from proceeding further in a suit by tenants to recover treble damages for alleged rent overcharges. The action was brought under section 205(e)* of the Emergency Price Control Act of 1942 (56 U.S.Stats. 23, 34), as amended in 1944 (58 U.S.Stats. 632, 640). Petitioners, defendants in that action, take the position that section 205(e) limits the time within which the tenants may bring an action to 30 days after the overcharge is made, and that, since the complaint was not filed within that time, the justice's court is without jurisdiction.

The tenants filed their complaint on January 14, 1946, and sought to recover rent overcharges occurring within one year next preceding the commencement of the action. The objection to the jurisdiction of the justice's court, here urged as the basis for the issuance of the writ of prohibition, was first raised by demurrer to the complaint. The demurrer was sustained on that ground without leave to amend, and a judgment of dismissal was entered. Plaintiffs appealed, and the superior court reversed the judgment with directions that the demurrer be overruled. The justice's court entered its order

---

*Section 205(e), Emergency Price Control Act of 1942, as amended in 1944 by section 108(b) [58 Stats. U.S. 640; 50 U.S.C.A. § 925(e)] reads:

''If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. . . . For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity. . . . If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States within such one-year period. If such action is instituted by the Administrator, the buyer shall thereafter be barred from bringing an action for the same violation or violations. Any action under this subsection by either the buyer or the Administrator, as the case may be, may be brought in any court of competent jurisdiction . . . .''

accordingly, and thereafter the plaintiffs filed a memorandum of costs on appeal. Defendants moved to strike the memorandum on the same jurisdictional ground, and at this juncture of the proceedings the alternative writ of prohibition was issued.

The question which petitioners raise may be tested by prohibition only if the time limitation in section 205(e) goes to the jurisdiction of the justice's court, and petitioners have no plain, speedy and adequate remedy in the ordinary course of law. (Code Civ. Proc. §§ 1102, 1103.)

The nature of the time limitation as affecting the jurisdiction of the court must be determined by an examination of the federal statute under which suit is brought. It has been held that when the period fixed by section 205(e) has expired, not only is the, remedy no longer available, but also the right of action itself is extinguished, and that the jurisdiction of the court is limited to actions commenced within the prescribed period. (*Matheny* v. *Porter,* 158 F.2d 478, 479; *Thompson* v. *Taylor,* 62 F.Supp. 930, 931; *Bowles* v. *American Distilling Co.,* 62 F.Supp. 20, 22; *State* v. *Olson,* 175 Ore. 98 [151 P.2d 723, 728, 730].) Accordingly, if the complaint in this action was filed after the time provided for in section 205(e), the justice's court did not have jurisdiction.

█ It also appears that petitioners do not have an adequate remedy in the ordinary course of law. The fact that an appeal to the superior court is available does not, in and of itself, necessarily preclude resort to prohibition. (*Rescue Army* v. *Municipal Court,* 28 Cal.2d 460 [171 P.2d 8].) Section 1103 of the Code of Civil Procedure authorizes the issuance of that writ, even though an appeal may be taken, if the remedy by appeal is inadequate. In the usual situation an appeal is considered an adequate remedy, but no hard and fast rule can be laid down to determine in advance whether it fully meets the requirements of justice in a particular case. (*Rescue Army* v. *Municipal Court, supra,* at p. 467.) We are confronted here on one hand with the constitutional inhibition of the review by appeal in courts, other than the superior court, of the decisions of inferior courts, and on the other hand with the duty of properly exercising our powers of review by the extraordinary writs. Petitioners' contention has once been rejected by the appellate department of the superior court, and they point out that the only way that they can obtain relief from that assertedly erroneous determination is through the exercise of our discretion in entertaining this proceeding.

The statute involved has been and for some time will remain a source of litigation, and the settlement of the issue by this court may prevent conflicting decisions below thereby serving the interests of the public as well as the parties to this suit.

We come now to petitioners' contention that section 205(e) of the Emergency Price Control Act must be interpreted to limit a tenant's right of recovery for an overcharge to the 30-day period following the violation, and that thereafter only the Administrator can sue. This contention is not supported by the language of section 205(e). It is there expressly provided that a *tenant* "may, *within one year*, from the date of the occurrence of the violation, except as hereinafter provided, bring an action . . . on account of the overcharge." (Italics added.) Under this specific provision the tenant has a full year to bring his action unless, because of the words "except as hereinafter provided," his case falls within some later provision of the act which prohibits him from suing. Petitioners rely on the subsequent sentence of section 205(e) stating that if the tenant "either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States within such one-year period." They assert that under this language the original exclusive right of the tenant is transferred *in toto* to the Administrator at the end of the 30-day period, leaving the tenant no right to sue.

The only case which we have found passing squarely on this point holds to the contrary. In *Haber* v. *Garthly*, 67 F.Supp. 774, the defendants contended that, since plaintiffs did not institute their action within 30 days, the administrator was the only party who might maintain the action. The court quoted the provisions of section 205(e) that a tenant may sue within one year from the date of the violation and that, if he fails to bring the action within 30 days, the Administrator may do so, and then said (p. 776): "Defendants would construe this language to mean that since the Administrator *may* institute an action after the thirty-day period has elapsed, therefore plaintiffs *may not*. I can find no support, either in law or in reason, for that proposition. With respect to the Administrator, the above-quoted language from section 205(e) of the Act is clearly permissive, and in my opinion its effect is to make the landlord liable to an action by either the ten-

ant, *or* the Administrator after thirty days from the occurrence of the violation, and within the one-year period.''

This decision, in our opinion, correctly construes the statute. The interpretation urged by petitioners would in effect read out of the statute the express provision that a tenant can sue ''within one year'' and would substitute in every case a limitation of 30 days on his cause of action. Petitioners' interpretation would also render meaningless and surplusage the sentence of section 205(e) that ''If such action is instituted by the Administrator, the [tenant] shall *thereafter* be barred from bringing an action for the same violation or violations.'' (Italics added.) If the tenant were limited to 30 days in which to bring suit, his cause of action would not ''thereafter'' exist, and there would then be no reason for barring him from bringing an action. This sentence, however, serves a useful purpose if the section is construed as permitting the tenant to sue ''within one year'' unless he is barred because the Administrator has already brought suit.

It is the position of petitioners that there can be no ''concurrent right of action'' in the Administrator and the tenant at the same time, and, therefore, that section 205(e) must be construed to limit the tenant's right to the 30-day period immediately following the violation. We know of no reason why both parties may not have a concurrent right to *commence* an action, and no reason has been suggested why Congress could not have so provided. The question of the right to *maintain* concurrent actions is not before us. As we have seen, the more reasonable construction of section 205(e) gives the tenant a right for a full year unless the Administrator first commences an action.

Petitioners rely on *Bowles* v. *Trowbridge*, 60 F.Supp. 48, wherein it is stated, at pp. 49-50, ''As originally enacted, the statute permitted the buyer to sue within a year of the violation. By amendment of June, 1944 . . . , the limitation of the buyer's action has been reduced to thirty days after the violation, and at the end of that time the Administrator may sue in the buyer's stead on behalf of the United States, and such suit by the Administrator operates as a bar to any subsequent action by the buyer for damages for the same violation.'' That case does not aid petitioners. The question of the time when the buyer might sue was not in issue, and it is clear that the court did not intend to state that the buyer was limited to 30 days in all cases, otherwise there would have

been no point in saying that the Administrator may sue at the end of 30 days and that "such suit by the Administrator operates as a bar to any *subsequent action* by the buyer. . . ." (Italics added.)

Petitioners further contend that the tenant's right of action is limited to 30 days because of the provisions of subsection (c) of section 108 of the amending act of 1944.* It is claimed that the clause relating to "actions which may be brought by the Administrator *only* after the [tenant] has failed to institute an action within thirty days" (italics added) should be interpreted as if it read "actions which may be brought *only* by the Administrator after the tenant has failed to institute an action within thirty days," that the word "only" must be read as "exclusively," and that the intent was to limit the tenant's right of action to 30 days. As we have seen, however, the construction urged by petitioners would be directly contrary to part of section 205(e) and would render other portions surplusage. On the other hand, subsection (c) is subject to a reasonable interpretation which will give full effect to all the language used in that subsection and in section 205(e). The word "only" was apparently used to emphasize the distinction between suits which may be brought by the tenant or the administrator and the entirely different type of action relating to goods sold for use in trade or business which the Administrator had the exclusive right to maintain under both the original act and the 1944 amendment. Accordingly, the word "only" should be read as modifying the clause "after the buyer has failed to institute an action within thirty days."

Moreover, it is obvious that subsection (c) was not intended to describe the respective rights of the tenant and the Administrator. This subsection, which was not made a section of the Emergency Price Control Act, was merely a collateral part of the amending act. Its sole purpose was to limit the retroactive application of the statutory changes, and it should not

---

*Subsection (c) of Section 108 (58 Stats. U.S. 641) reads:

"(c) The amendment [to section 205(e)] made by subsection (b), insofar as it relates to actions by buyers or actions which may be brought by the Administrator only after the buyer has failed to institute an action within thirty days from the occurrence of the violation, shall be applicable only with respect to violations occurring after the date of enactment of this Act. In other cases, such amendment shall be applicable with respect to proceedings pending on the date of enactment of this Act and with respect to proceedings instituted thereafter."

be given any broader effect. Also, since it was not incorporated in the act, it does not come within the meaning of the phrase in section 205(e), "except as hereinafter provided," so as to limit the right of a tenant to sue "within one year."

It is not claimed that the Administrator has filed suit with respect to any of the overcharges sought to be recovered, and, in the absence of such a suit, plaintiffs were entitled to recover for any overcharges made within one year prior to the filing of the complaint.

The alternative writ is discharged, and the petition is denied.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Petitioners' application for a rehearing was denied January 12, 1948.