[Civ. No. 17010.   Second Dist., Div. Three.   May 6, 1949.]

RUSSELL K. CHAPMAN et al., Petitioners, v. THE MU-
NICIPAL COURT OF THE CITY OF LOS ANGELES
et al., Respondents.

Caryl Warner for Petitioners.

Harold W. Kennedy, County Counsel, Wm. E. Lamoreaux,
Deputy County Counsel, and Leon Seltzer for Respondents.

VALLÉE, J.—Petitioners seek a writ of prohibition to restrain the respondent court from proceeding with a retrial of an action entitled "Nathan Posner v. Russel K. Chapman, et al.," No. 853969, in the Municipal Court of the City of Los Angeles, in which a motion for new trial had been granted upon plaintiff's motion after a judgment had been rendered in favor of defendants. Petitioners also seek a writ of certiorari. An alternative writ of prohibition was issued by this court.

Judgment was rendered for the defendants, petitioners here, in *Posner* v. *Chapman* on June 4, 1948. June 9, 1948, petitioners served written notice of entry of judgment on the plaintiffs. The plaintiffs moved for a new trial. On August 2, 1948, the court entered the following order: "Upon motion for a new trial, it is ordered that if defendants file consent to judgment against him [them] for sum of $250.00 motion will be denied. Consent to be filed by August 5. If consent not filed, motion will be granted." No consent was ever filed by the defendants. On August 16, 1948, the court made an order to the effect that since the consent had not been filed by defendants "it is ordered that Motion of Defendant [Plaintiff] for a new Trial is granted." Petitioners appealed to the superior court from the order of August 2d. The order was affirmed. A retrial of the case has been set.

A demurrer to the petition has been filed on the ground that it does not state facts sufficient to entitle petitioner to a writ of certiorari or to a writ of prohibition.

No point is made here that the court had no authority to impose the condition contained in the order. Petitioners contend that the order of August 2d was not one either granting or denying a new trial, but was merely an indication of what the court would do in the future; that the order of August 16, 1948, was void in that it was entered more than 60 days after service of notice of entry of judgment (Code Civ. Proc., § 660) ; that the motion for new trial, not having been acted upon within the 60-day period, was denied by operation of law, and that the municipal court has no jurisdiction to try the cause.

The order of August 16th was void since it was made after the 60-day period for the determination of motions for new trial. However, petitioners' further argument that the motion for new trial had not been acted upon by the court within the 60-day period and, hence, was denied by operation of law, can-

not be sustained. The motion had been acted upon and determined by the order of August 2d, as hereinafter appears.

■ It is standard practice in California for trial courts to impose reasonable terms and conditions on granting or denying motions for new trials in actions tried by a jury as well as those tried by a court. (*Rice* v. *Gashirie,* 13 Cal. 53; *Brooks* v. *San Francisco & N. P. Railway Co.,* 110 Cal. 173 [42 P. 570]; *Engle* v. *Farrell,* 75 Cal.App.2d 612, 620 [171 P.2d 588]; Hayne, New Trials, § 166 et seq. pp. 864.)

■ The order of August 2d is a conditional or alternative order, which amounted to a granting of a new trial in the event the defendants (petitioners here) should not consent by August 5th to a judgment against them in the sum of $250; and upon failure of the defendants to so consent, the order became final. August 5th was within the 60-day period. It is well settled in California, as well as in other jurisdictions, that when, in ruling upon a motion for a new trial, the court grants or refuses a new trial upon a condition, the compliance or noncompliance with the condition within the time fixed by the order operates as an absolute grant or denial of the new trial, and the status and rights of the parties become finally fixed and determined as of that time. (*Brown* v. *Cline,* 109 Cal. 156 [41 P. 862]; *Holtum* v. *Grief,* 144 Cal. 521 [78 P. 11]; *Taber* v. *Bailey,* 22 Cal.App. 617 [135 P. 975]; *Gloria* v. *A Colonia Portuguesa,* 128 Cal.App. 640, 642 [18 P.2d 87]; *Jennings* v. *Superior Court,* 134 Cal.App. 300, 305 [25 P.2d 246]; *Sherman* v. *Mitchell,* 46 Cal. 576, 578; *Garoutte* v. *Haley,* 104 Cal. 497 [38 P. 194].)

*Jennings* v. *Superior Court,* 134 Cal.App. 300 [25 P.2d 246] (hearing by Supreme Court denied), is similar to the present case in that the same contentions advanced by petitioner here were advanced there, and the order granting a new trial was worded in the future tense. Plaintiff had judgment in the trial court. One of the defendants made a motion for new trial on March 2, 1932. On April 18, 1932, the court, while passing on the motion, found that the judgment in the action contained an erroneous statement. He ordered counsel for the plaintiff to file a modified judgment, or ''in case the plaintiff refuses or fails to do so, a new trial must necessarily have to be granted. In case the plaintiffs do accept this modified judgment, a motion for a new trial will be overruled.'' The plaintiff did not comply with the condition. The judge who made this order was subsequently defeated for reelection to office. On January 9, 1933, a defendant in the action filed

its notice of motion to set the cause for trial. On February 21, 1933, a judge other than the one who made the order of April 18, 1932, ordered that defendant's motion be granted and the case set for trial on April 21, 1933. The plaintiff petitioned the District Court of Appeal for a writ of prohibition. The court held, page 304: "When Judge Gregory on April 18, 1932, while passing on the motion for new trial, found that the judgment in the action contained an erroneous statement, he ordered counsel for plaintiff (petitioner here) to file a modified judgment or 'in case the plaintiff refuses or fails to do so, a new trial must necessarily be granted. In case the plaintiffs do accept this modified judgment, a motion for a new trial will be overruled.'

" 'The well-settled rule is that, when a trial court makes and causes to be entered a conditional order granting or denying a motion for a new trial, its jurisdiction is exhausted and thereafter it has no power to change or modify the order except for inadvertence or mistake in the entry thereof (*Holtum* v. *Grief*, 144 Cal. 521 [78 P. 11]; *United Railroads* v. *Superior Court*, 170 Cal. 755 [151 P. 129, Ann.Cas. 1916E 199]; *Compton* v. *Northwest Engineering Co.*, 116 Cal.App. 523 [2 P.2d 1014]); and that, unless the party upon whom the condition is imposed complies with such condition within the limitation of time fixed therefor, the alternative portion of the order becomes operative and final at once, at the expiration of such period of time. (*Holtum* v. *Grief, supra*; *Brown* v. *Cline*, 109 Cal. 156 [41 P. 862]; *Taber* v. *Bailey*, 22 Cal. App. 617 [135 P. 975].) Two cases in point from other jurisdictions wherein additional authorities are cited are *Bourne* v. *Moore*, 77 Utah 184 [292 P. 1102], and *Plecas* v. *Devich*, 72 Utah 578 [272 P. 197].' (*Gloria* v. *A Colonia Portuguesa et al.*, 128 Cal.App. 640 [18 P.2d 87, 88].) The conditional order in the cited case was worded in the present tense, it is true, and while the order before us was worded in the future tense—which is objected to by petitioner, who contends that because of the wording thereof it was necessary that another motion for new trial be made—after a consideration of the circumstances under which it was pronounced, we are convinced that a new trial was thereby granted, in the event the condition thereby imposed was not fulfilled."

In *Brown* v. *Cline*, 109 Cal. 156 [41 P. 862], it was held that an order granting a new trial on condition that the moving party pay the costs of his adversary within a stated time, is to be construed as an order denying a new trial upon non-

compliance with the condition; and, after the expiration of the time limited for complying with the condition, the court has no power to make a further order granting an unconditional new trial. The court said, page 159: "The case must be treated, therefore, as if no payment or attempted payment had been made, and as if at the end of the five days [the expiration of the time for complying with the condition] the motion for a new trial had been denied. (*Garoutte* v. *Haley,* 104 Cal. 497 [38 P. 194].)"

In *Holtum* v. *Grief,* 144 Cal. 521, the court held that, page 524 [78 P. 11]: "The power of the court to make an order for a new trial conditional upon payment of costs by the moving party is unquestioned, and a failure to perform the condition converts the order into a denial of the motion. (*Garoutte* v. *Haley,* 104 Cal. 497 [38 P. 194]; *Brown* v. *Cline,* 109 Cal. 156 [41 P. 862].)"

In *Taber* v. *Bailey,* 22 Cal.App. 617 [135 P. 975], defendant made a motion for new trial. On February 19, 1912, the court made an order which provided that in the event plaintiffs, within 20 days, filed their consent to a modification of the judgment, the motion for new trial "*shall* be denied" and in the event of the failure of plaintiffs to file their consent "within such time, then the motion for a new trial shall be granted." Within two days thereafter plaintiffs filed their written consent. The court said, page 624: "The effect of this was to make operative the order of the court as a denial on that day of the motion for a new trial. . . . In this case the order was that the motion for a new trial '*shall* be denied' in the event that plaintiffs file their consent, etc. Strictly speaking, the use of the future tense was perhaps proper, but at any rate it was a conditional order and, under the decisions, the order immediately became effective when the consent was filed." For cases in other jurisdictions, see: *Bonelli* v. *Jones,* 26 Nev. 176 [65 P. 374, 375]; *Idaho Farm Development Co.* v. *Brackett,* 44 Idaho 272 [257 P. 35, 37]; *Harrington* v. *Butte, A. & P. Ry. Co.,* 39 Mont. 22 [101 P. 149, 150]; *Adams Express Co.* v. *Gregg,* 23 Kan. 376; *Winningham* v. *Philbrick,* 56 Wash. 38 [105 P. 144, 145]; *Green* v. *Russell,* 71 Wash. 379 [128 P. 645]; *Harris* v. *Central of Georgia Ry. Co.,* 103 Ga. 495 [30 S.E. 425]; *Chambers' Adm'r* v. *Bass,* 18 Ind. 3; *Bourne* v. *Moore,* 77 Utah 184 [292 P. 1102]; *Plecas* v. *Devich,* 72 Utah 578 [272 P. 197]. Upon petitioner's failure to comply with the condition imposed by the order within

the time limit set forth therein, the alternative portion of the order became operative and final and the moving party was thereupon granted a new trial. The order of August 16th, even if it had been made prior to the expiration of the 60-day period, would have been inoperative and of no force and effect. (*Brown* v. *Cline,* 109 Cal. 150, 156, 159 [41 P. 862]; *Holtum* v. *Grief,* 144 Cal. 521, 526 [78 P. 11].)

■ The present tense is the proper and should be the only tense used in making a conditional order either granting or denying a new trial. (See *Hyams* v. *Simoncelli,* 41 Cal. App.2d 126, 128 [106 P.2d 68]; *Gloria* v. *A Colonia Portuguesa,* 128 Cal.App. 640, 642 [18 P.2d 87].) The courts, in some instances, in phrasing orders conditionally granting or denying new trials, have used the future tense. (See *Brown* v. *Cline,* 109 Cal. 156, 158 [41 P. 862]; *Krebs* v. *Los Angeles Ry. Corp.,* 7 Cal.2d 549, 551 [61 P.2d 931]; *Taber* v. *Bailey,* 22 Cal.App. 617, 624 [135 P. 975]; *Jennings* v. *Superior Court,* 134 Cal.App. 300, 303 [25 P.2d 246]; *Secreto* v. *Carlander,* 35 Cal.App.2d 361, 363 [95 P.2d 476]; *Engle* v. *Farrell,* 75 Cal.App.2d 612, 619 [171 P.2d 588]; *Bonelli* v. *Jones,* 26 Nev. 176 [65 P. 374]; *Idaho Farm Development Co.* v. *Brackett,* 44 Idaho 272 [257 P. 35].) The latter practice is slovenly draftsmanship, creates confusion, breeds further litigation, and should be discouraged.

■ Respondent questions the power of this court to entertain a proceeding in prohibition or certiorari in which the validity of an order of the municipal court is attacked after affirmance on appeal by the superior court. We are of the opinion that we had jurisdiction to issue the alternative writ of prohibition under the authority of *Gorbacheff* v. *Justice's Court,* 31 Cal.2d 178 [187 P.2d 407].

The demurrer to the petition is sustained. The alternative writ of prohibition heretofore issued is discharged. The petition for a peremptory writ of prohibition and for a writ of certiorari is denied.

Shinn, P. J., and Wood, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied June 30, 1949. Shenk, J., voted for a hearing.