[Civ. No. 28533.   Second Dist., Div. Two.   May 23, 1966.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Respondent, v. LESTER G. RICHMAN et al., Defendants and Appellants.

Lester G. Richman, in pro. per., for Defendants and Appellants.

Harry S. Fenton, R. B. Pegram, Richard L, Franck, Ira W. Holroyd and Robert W. Vidor for Plaintiff and Respondent.

ROTH, P. J.— ▮ Lester G. and Frances S. Richman, husband and wife (Richmans), appellants herein, were two of a group of defendants in a condemnation action (*People of the State of California, etc.* v. *Joseph J. Mihojevich, et al.* No. 769,414). On September 14, 1962, they were awarded $35,000 for a parcel of real property owned by them. On October 15, 1962, an interlocutory judgment predicated upon findings of fact and conclusions of law, was entered.

On the same day an employee of the Department of Public Works (the condemning agency here involved) did by mistake, with a letter of transmittal, forward to the clerk of the court $35,000 plus $1,785.48 interest accrued thereon. The record shows that the condemnation section of plaintiff had received a letter from its legal department on October 3, 1962, notifying it not to satisfy the judgment as proceedings were to be had for a motion for a new trial. The right of way manual of the condemnation section provided in paragraph 5.164 thereof, in pertinent part is as follows:

"In order to eliminate payment of interest, every effort will be made to deposit the award on the date of entry of judgment. The district shall not have a judgment in condemnation signed until funds are available for the payment of the award. . . . However, in cases where a motion for a new trial is made by the State, the attorney handling the case will notify the district not to make the deposit. (Note: If the deposit is made after the date of entry of judgment in condemnation and does not include interest on the judgment, it will not be considered as a full tender of the award; therefore, the full amount of the judgment would continue to draw interest until the full amount, plus interest, on the judgment is deposited.)"

The foregoing excerpt was set forth in the affidavit of the employee who made the mistake in the transmittal of funds and she continued to aver in pertinent part as follows:

"On or about October 3, 1962, the Condemnation Section received a letter from the Legal Department. . . .

". . . said letter contained an instruction not to satisfy the judgment. . . .

". . . [T]he instruction in said letter was never countermanded; . . .

". . . That due to an oversight in handling this matter, to wit, the inadvertent failure to observe the instruction . . . the judgment award, together with interest, was paid into Court. This payment was made mistakenly and without any intention to disregard the said instruction. . . ."

On October 20, 1962, Richmans made application for payment of the judgment which application contained an abandonment of all defenses and a receipt for payment for the parcel owned by them.

On October 23, plaintiff filed notice of intention to move for a new trial. The notice showed a receipt of service on the Richmans as of October 22, 1962.

On November 5, 1962, demand in the form of an order for a trust warrant for the sum of $36,768.70 was made upon the county auditor. It recited in part:

"Dep. per Judg. in Condem. Ent. 10-15-62. Release per Judgment in Condemnation Ent. 10-15-62, Parc. 1, application for payment and Letter from Division of Highways dated 10-15-62." The order for trust warrant was signed by the Richmans. Payment of the amount to the clerk was certified to by Harold J. Ostley, County Clerk and as part of the same document there was endorsed ". . . and good cause appearing therefor. The County Auditor-Controller is ordered to draw a warrant on the County Treasurer for said sum. . . ."

The order excerpted in the quote above was signed by Rodda, judge of the superior court. The order was paid and the Richmans have had possession of the money ever since November 5, 1962.

The motion for new trial originally set for November 14, 1962, was continued and eventually heard and decided November 29, 1962, at which time the following minute order was entered: "Come now the parties by their respective counsel and the plaintiff moves the Court for a new trial herein, as to Parcel one only, . . . After argument by counsel the motion is . . . granted, as to Parcel one on the issue of damages only, on the sole ground of insufficiency of the evidence to support the verdict, unless defendant, within ten days from date hereof, file their written consent to a reduction in the verdict and judgment from the sum of $35,000.00 to the sum of $24,999.00, together with their costs of suit."

No written or other consent was filed to the reduction. No return of money was made by the Richmans. No appeal was taken from the order. It is final.

Various proceedings have taken place since November 29, 1962, including a default trial against Richmans, vacation of the default, filing of supplemental pleadings, a substitution of attorney for the Richmans (they had previously appeared in pro. per.), demurrer to the supplemental pleadings, pretrial conferences, motions to dismiss, and demurrers.

In all of these proceedings the argument of Richmans has been and is that there has been a voluntary satisfaction of the judgment and that as a matter of law there is nothing for the court to decide and that all proceedings had after the satisfaction of the judgment, were null and void.

The record demonstrates that there was no intention on the part of plaintiff to regard the judgment entered on the 15th as final or to pay and satisfy the judgment thus entered and terminate the proceedings.

Although there is no demonstrable proof that the Richmans knew the judgment check was transmitted by mistake, it is demonstrable that they received notice of intention of a motion for new trial on October 22, 1962, and that on that date they knew plaintiff intended to go further with the action. The record shows that by ex parte proceedings approximately two weeks after this knowledge, to wit: on November 5, 1962, they obtained an ex parte order from a judge other than the trial judge and had the judgment satisfied. There is no showing that the new trial proceeding was called to the attention of the judge who made the ex parte order on November 5, directing the county auditor-controller to pay the judgment. Presumably the file in the case would show the proceeding for a new trial. However, the action was one in condemnation involving numerous defendants and it was a voluminous file. In these circumstances, it is clear that the judge making the ex parte order did so inadvertently.

It would appear from this background that the transmission of the judgment check and its use for satisfaction of the judgment was a mistake caused by the inadvertence of a clerk in the condemnation department of plaintiff.

██ However, irrespective of the mistake, the law is clear that payment of a judgment, even though voluntary, does not terminate litigation unless such payment is made by way of compromise or with the intent that payment is made to satisfy a judgment and end the litigation. ██ The record here demonstrates there was no such intent.

The Richmans rely on section 1049 of the Code of Civil Procedure.[1]

██ This point is fully answered in *Hartke* v. *Abbott*, 106 Cal.App. 388 [289 P. 206] by the court at page 391: ''Section 1049 of the Code of Civil Procedure cannot be used to abridge

[1] ''An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied.''

the right of appeal where a judgment has been satisfied against the will of the appellant. (2 Cal.Jur. 228.) And further, mere enforced satisfaction of a judgment does not prevent the prosecution of an appeal therefrom by the defendant. [Citations.]

"It has been held by our Supreme Court that the voluntary payment of a judgment will not deprive a party of his right to appeal unless it is shown that the payment was by way of compromise or with an agreement not to take or prosecute an appeal. (*Warner Bros.* v. *Freud, supra* [131 Cal. 639 (63 P. 1017, 82 Am.St.Rep. 400)]; *Hayes* v. *Nourse,* 107 N.Y. 577 [14 N.E. 508, 1 Am.St.Rep. 891].) The principle is stated in 2 Ruling Case Law, page 65, section 47, as follows: 'As a general rule, however, one against whom a judgment or decree for a sum of money has been rendered does not, by voluntarily paying or satisfying it, waive or lose his right to review it upon a writ of error or appeal unless such payment or satisfaction was by way of compromise or with an agreement not to pursue an appeal or writ of error. . . . The better view accordingly is, that though the execution has not issued the payment of a judgment must be regarded as compulsory, and therefore as not releasing error, nor depriving the payer of the right to appeal. Certainly the fact that the satisfaction of the judgment is coerced by execution or other process, such satisfaction being *in invitum,* does not operate as a waiver of the right to an appeal or writ of error.' [Citations.]"

Since the order for new trial had become final, and none of its terms were complied with, the judgment previously entered was a nullity.

The appeal before this court is not from the judgment in the original superior court case, nor is it from the order granting a motion for a new trial in said case.

The pending appeal is the result of an order made on application of plaintiff in the original action on May 14, 1964, for partial restitution of funds. Plaintiff made its application after it had successfully weathered the legal maneuvers referred to above, and the case had been reset for a new trial.

The order in full is as follows: "This matter having regularly come before me on April 23, 1964 for hearing pursuant to a notice of motion for an order requiring defendants Lester G. Richman and Frances S. Richman to make restitution to plaintiff, R. B. Pegram, by Ira W. Holroyd, appearing as counsel for plaintiff, and Fadem and Graves, by Jerrold A.

Fadem, appearing as counsel for defendants, and Lester G. Richman and Frances S. Richman having notice of said hearing but not appearing thereat, and GOOD CAUSE APPEARING THEREFOR:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants Lester G. Richman and Frances S. Richman restore to plaintiff a sum of money representing the difference between $19,400.00[2] and $36,785.48 together with interest at the rate of seven per cent (7%) per annum on the sum of $17,385.48 from November 5, 1962 to the date of repayment of said sum to plaintiff, less an amount equal to interest at the rate of seven per cent (7%) per annum on the sum of $19,400.00 for the periods September 25, 1961 to January 28, 1962, and May 28, 1962 to November 4, 1962, said sum being payable forthwith, in default of which plaintiff shall have execution therefor."

As pointed out, the Richmans have had possession of the judgment money, to wit: $36,768.70 since November 5, 1962.

■ "It is standard practice in California for trial courts to impose reasonable terms and conditions on granting or denying motions for new trials in actions tried by a jury as well as those tried by a court. [Citations.]." (*Chapman* v. *Municipal Court*, 91 Cal.App.2d 689, 691 [205 P.2d 712].)

■ We understand too that "a trial court has inherent power, independent of statute, to exercise its discretion and control over all proceedings relating to the litigation before it." (*Johnson* v. *Banducci*, 212 Cal.App.2d 254, 260 [27 Cal. Rptr. 764]; *Rogers* v. *Bill & Vince's, Inc.*, 219 Cal.App.2d 322, 324 [33 Cal.Rptr. 129]; *Rowe* v. *Blake*, 112 Cal. 637, 643 [44 P. 1084]; Code Civ. Proc., § 128.)

■ On the facts disclosed by the record and the law as we understand it, plaintiff in the case at bench had the right at any time after the finality of the order granting a new trial to a return of the judgment money inadvertently paid in satisfaction of a judgment which no longer existed.

---

[2] On its motion for partial restitution, plaintiff noted that it intended to present valuation evidence at the second trial identical to that presented by it in the first trial, to wit: $19,400. It concluded that the Richmans would, therefore, be entitled to that amount in any event.

The record shows that when plaintiff proceeded to retry the case pursuant to the order granting new trial, the Richmans did not appear and a judgment in the default action was entered in favor of the Richmans in the sum of $19,400. As indicated in the body of the opinion, this default judgment was subsequently vacated.

The record in the action also shows that on the new trial at which defendants did appear, there was a jury verdict in favor of the Richmans for the sum of $22,000.

■ We feel that plaintiff might have reached this result by a proceeding based on the order granting the new trial after its finality requiring the Richmans to show cause why they should not return all the money with interest from the date it was collected. However, because of the nature of a condemnation proceeding, and the express admission throughout the proceedings that Richmans are entitled to reasonable compensation for land taken, plaintiff could, at its option, require the Richmans to restore the difference between the amount of the judgment collected and the amount plaintiff considered to be the reasonable value of the land taken.

The order for partial restitution was proper. It is affirmed.

Herndon, J., and Fleming, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 20, 1966.